EDWARD W. BLODGETT, trustee, *vs.* JOHN J. AHERN & another.

Middlesex. January 27, 1914. —.March 2, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Pleading and Practice,* Master's report: exceptions, motion to recommit, Decree. *Equity Jurisdiction,* To redeem from chattel mortgage.

Exceptions to a master's report in a suit in equity cannot be sustained where the evidence to which the exceptions relate is not reported and the conclusions and inferences drawn by the master from the facts stated by him are not unwarranted.

The general rule here was applied that the recommittal of a master's report in a suit in equity is a matter of discretion for the trial judge, there being nothing in the present case to indicate that this discretion was not exercised properly.

Where in a suit in equity a decree is to be made giving the plaintiff the right to redeem certain articles of personal property from a chattel mortgage held by the defendant upon the plaintiff paying to the defendant the amount found to be due upon the mortgage note, and it appears that before the filing of the bill the defendant had sold some of the mortgaged articles, it does not matter whether the decree orders the defendant to account to the plaintiff for the value of the articles sold or whether the amount of their value is deducted from the sum of money which the plaintiff is ordered to pay as due on the mortgage note.

BILL IN EQUITY, filed in the Superior Court on April 12, 1913, by the trustee in bankruptcy of LeRoy E. Cole of Natick, seeking to set aside a foreclosure sale under a chattel mortgage and also to have the mortgage note and mortgage declared to be invalid.

The case was referred to William B. Orcutt, Esquire, as master. Both parties filed exceptions to the master's report. The plaintiff also filed a motion to recommit the report to the master.

The case was heard by *McLaughlin*, J., who denied the motion to recommit the report, and made an interlocutory decree overruling the plaintiff's exceptions to the master's report and sustaining the exceptions of the defendants. The plaintiff appealed.

Later the same judge made a decree, declaring that the sale on April 7, 1913, under the power in the mortgage was void and of no effect, and that there was due to the defendant Ahern from the bankrupt upon the mortgage note the sum of $2,496.81; and ordering that, upon the payment by the plaintiff of that sum with interest thereon to the day of payment within twenty days from the date of the decree, the defendant Ahern should execute and deliver to the plaintiff a discharge of the mortgage, should cancel and deliver up to the plaintiff the mortgage note thereby secured and should deliver to the plaintiff the mortgaged property in the possession of the defendant Ahern, and that the defendant Ahern should pay to the plaintiff the sum of $137; and that, upon the failure of the plaintiff to pay the sum of $2,496.81 within the twenty days specified, the bill should be dismissed.

After the expiration of the twenty days a final decree was entered by order of the same judge, declaring that, it having appeared to the court upon a further hearing that the plaintiff had not paid the amount due upon the mortgage held by the defendant Ahern within the time fixed by the decree of the court, it was ordered that the bill be dismissed. The plaintiff appealed.

*J. E. Reagan*, for the plaintiff.

*A. W. Putnam*, for the defendants.

SHELDON, J. We have not found it necessary to consider whether the action of the Superior Court in sustaining the defendants' exceptions to the master's report was correct. However that may be, it now may be assumed against the defendants that upon the facts found by the master the court rightly allowed the plaintiff to redeem from the mortgage upon payment of the sum found due thereon. As the plaintiff did not choose to avail himself of the privilege thus given to him, the final decree dismissing his bill must be affirmed unless in some respect he was aggrieved

by the decree allowing him to redeem, but refusing to him any other redress.

This was found to have been a valid mortgage. None of the plaintiff's exceptions to the master's report can be sustained. Most of these relate to findings of fact. The evidence has not been reported, and so we cannot say that the findings were wrong. So far as they were conclusions or inferences drawn from other facts stated, they were not unwarranted, and we cannot overthrow them. The testimony of Ahern and Lucy as to their intent in taking the mortgage was competent. It does not appear that the master treated this testimony as conclusive. The plain meaning of his report is that he regarded it as one piece of testimony, and his findings were made upon the whole evidence. Nor does it appear that any other evidence was wrongly admitted.

It was for the judge to determine as a matter of discretion whether he would recommit the report. This has been so often decided that we need not cite authorities. We see nothing in the case to indicate that his discretion was wrongly exercised.

The allowance for the value of the articles that had been sold by Ahern was correct. This comes within the principle of *Long* v. *Athol,* 196 Mass. 497, 506. See *Putnam* v. *Bolster,* 216 Mass. 367, 372, 373. No doubt the decree might have been simplified by deducting this sum from the gross amount found due upon the mortgage, and requiring the plaintiff to pay so much less; *Reggio* v. *Warren,* 207 Mass. 525, 538; but the result is the same whichever mode be adopted.

There is no occasion to discuss the other matters which have been argued. They are disposed of by the facts which have been found.

The final decree dismissing the bill must be affirmed, with the costs of the appeal.

*So ordered.*