HENRY P. FELLOWS *vs.* HELEN S. HUNT & others.

Suffolk. March 16, 1917. — May 30, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction*, To relieve from fraud. *Corporation. Equity Pleading and Practice*, Appeal, Master's report.

In a suit in equity by a stockholder in a corporation, who brought the suit on behalf of himself and all other stockholders who might wish to join therein, against another stockholder and the corporation, the plaintiff alleged that the individual defendant had procured his shares of stock through fraud and sought to compel their surrender; but a master to whom the suit was referred found, after an extended hearing and without a report of the evidence, that there was no fraud, and the suit was dismissed. On an appeal by the plaintiff, it was *held*, that the decree must be affirmed, because the subsidiary findings of the master were not inconsistent with each other nor with his conclusion that there was no fraud, and because that conclusion was based both upon oral and documentary evidence, and, not being shown to be clearly wrong, could not be disturbed.

BILL IN EQUITY, filed in the Superior Court on September 16, 1908, and afterwards amended, against Helen S. Hunt, the Hunt-Spiller Manufacturing Company, a Massachusetts corporation, and the Hunt-Spiller Manufacturing Corporation, a Maine corporation, wherein the plaintiff, who alleged that he brought the suit on behalf of himself and of all other stockholders of the Maine corporation who wished to join, sought to compel the defendant Hunt to surrender her stock in the corporation on the ground that she had procured it through fraud.

The suit was referred to a master who filed a report, to which the plaintiff filed over forty-one objections and exceptions based thereon. The suit then was heard by *Lawton*, J., and by his order a decree was entered dismissing the bill. The plaintiff appealed.

*G. H. Mellen*, for the plaintiff.

*W. B. Grant*, (*J. Lowell* with him,) for the defendants.

CARROLL, J. The plaintiff, a stockholder in the Hunt-Spiller Manufacturing Corporation, hereafter called the corporation,

brings this bill for himself and all other stockholders who wish to join, to compel the defendant, Mrs. Hunt, to surrender her stock in the corporation for cancellation, because issued to her through fraud. The fraud of Mrs. Hunt is alleged to have consisted in false statements, made at the time of the organization of the corporation by the large creditors of the Hunt-Spiller Manufacturing Company, hereafter called the Company, that the company's indebtedness to her was $50,000. These creditors of the company agreed upon a plan of reorganization, and to accept such an amount of common stock as their claims bore to the total issue of $85,000 of this stock, provided it could be shown to the satisfaction of John Lowell, Esquire, that $50,000 had been advanced to the company by Mrs. Hunt.

It was contended that fraud was practised on Mr. Lowell. The case was referred to a master. The evidence is not reported. After an extended hearing, he made a report finding that there was no fraud. In the Superior Court a decree was entered dismissing the bill.

The numerous exceptions based on objections to practically every finding of fact, must be overruled. The question of Mrs. Hunt's fraud involved an examination of documentary evidence as well as an investigation of the books of the company, the defendant contending that the indebtedness of the company to Mrs. Hunt could be traced from an original indebtedness of the South Boston Iron Works, which indebtedness was assumed by the company, and an indebtedness which originated with the company, but which appeared on its books and the books of the South Boston Iron Works. In addition to this there was much oral evidence. The master found "that the entries relating to cash advanced by Mrs. Hunt to the South Boston Iron Works and appearing on the cash book of that company; those showing credit given to the South Boston Iron Works by way of transfer of the credit originally given to the South Boston Iron Works of Kentucky; those relating to the transfer of certain merchandise from the South Boston Iron Works of Massachusetts to the Hunt-Spiller Manufacturing Company; those indicating the changing over of the form of these three accounts by consolidation into the draft of the South Boston Iron Works to the Hunt-Spiller Manufacturing Company for $19,450.99 payable to Mrs. Hunt, and the

carrying of said draft to the ledger account of bills payable of the Hunt-Spiller Manufacturing Company, and the inclusion of said draft in the balance of $43,594.24 of said account of bills payable which apparently existed on March 22, 1902, were all made in the due and regular course of business, and there is not the slightest indication that fraud was ever intended at the time said entries were made, or that any fraud was practised by the making of such entries." He found that at the time of the reorganization " there was a substantial indebtedness, probably exceeding with interest the amount of $50,000, and that no fraud was practised upon Mr. Lowell in the presentation of this account." There is nothing in the report inconsistent with these findings and there is nothing to show that they are unfounded, or contrary to the evidence. The question of fraud involved oral and written testimony, which is not reported and is not before us. It was for the master to decide and his conclusions cannot be disturbed unless clearly wrong. *Martin* v. *Barnes,* 214 Mass. 29. *Blodgett* v. *Ahern,* 217 Mass. 262. An examination of the entire record discloses no reversible error.

*Decree affirmed with costs.*