JOHN J. DREA *vs*. MARY E. DREA.

RUTH DREA *vs*. SAME.

Suffolk.   November 12, 1935. — November 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Invited person, Guest.

The evidence showed that a woman being transported by her husband's cousin in an automobile from Massachusetts, where she was staying with her husband's family, to her home in Connecticut for the purpose of getting her dog, without payment for the transportation being made or expected, was a guest of the cousin within Connecticut Pub. Acts of 1927, c. 308, though she invited the cousin to stay over night at her house in the event that they did not return the same day; and under that statute, she could not recover from the cousin for personal injuries resulting from the cousin's simple negligence in the operation of the automobile in Connecticut.

Two ACTIONS OF TORT.   Writs dated September 7, 1929.

The actions were tried in the Superior Court before *Brogna*, J.

*F. G. Katzmann & M. J. Dray*, for the plaintiffs, submitted a brief.

*N. F. Fermoyle*, for the defendant.

CROSBY, J.   These are actions of tort arising out of an accident which occurred October 29, 1928, on a public way in the town of Stonington in the State of Connecticut. The plaintiffs are husband and wife.   The action of the wife is brought to recover for personal injuries.   In the action brought by the husband he seeks to recover consequential damages resulting from the injuries received by his wife.   In each case the first count alleged gross negligence and was waived by the plaintiff; the case was submitted to the jury on the second count which alleged negligence of the defendant in the operation of an automobile. It was agreed by the parties that the law of the State of Connecticut was to be applied in the trial of the actions. The jury returned a verdict for the plaintiff Ruth Drea in

the sum of $600 and for John J. Drea in the sum of $150. The trial judge, upon motions of the defendant and under leave reserved, entered a verdict for the defendant in each case, subject to the exceptions of the plaintiffs respectively. The plaintiff Ruth Drea will hereinafter be referred to as the plaintiff.

It is recited in the bill of exceptions that there was sufficient evidence to warrant a finding that the plaintiff was in the exercise of due care and that the defendant was negligent; that the plaintiff's husband was not present at the time of the accident; that the only witness who testified at the trial, other than medical witnesses, was the plaintiff; and that it is agreed that the defendant and her cousin, Elizabeth Drea, would testify in substance as did the plaintiff. The trial judge entered verdicts for the defendant under leave reserved on the ground that upon all the evidence "the plaintiffs were not entitled to recover for ordinary negligence; and also upon the ground that upon all the evidence at the time of the accident there was no mutual benefit existing between the female plaintiff and the defendant by virtue of which the plaintiffs could recover for the ordinary negligence on the part of the defendant."

The plaintiff testified, in substance, on direct examination that she lived in Waterford, Connecticut; that in August, 1928, she left her home and went to Hyde Park in this Commonwealth to stay for a period of time and was there two months or more before the accident; that while there she lived at the home of her husband's mother; that there also lived at her mother-in-law's home her husband's sister, Elizabeth Drea, and her husband's cousins, Mary and Katherine Drea, Mary Drea being the defendant in these actions; that on October 29, 1928, there was some conversation with the defendant about going to Connecticut, and the plaintiff told the family that she was going there to get her dog; that the defendant said that if she could get Elizabeth's automobile "I will drive you down if you want me to," and the plaintiff replied that she would be glad to have her do so; that the owner of the automobile agreed that the defendant might take it for that purpose;

and that when they started the defendant said, "Do you mind if I take Mildred Kay with me?" and the plaintiff replied, "No, I would be glad to have her. You can come down and stay in my house and be my guests as long as you want to stay." The plaintiff testified in cross-examination that when they left on the trip to Connecticut they took no luggage; that she went down there to get her dog; that there was some conversation to the effect that they might not be able to get back to Hyde Park that night; and that she said she would be glad to have the defendant and Mildred Kay as her guests if they had to stay over. The plaintiff testified on redirect examination that when she was at the house in Hyde Park as a member of the family she paid for her board and room at the rate of $8 a week.

It is provided by the law of Connecticut, Pub. Acts of 1927, c. 308 (now Gen. Sts. [1930] § 1628), as follows: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others. . . . [This act] shall not relieve a public carrier or any owner or operator of a motor vehicle while the same is being demonstrated to a prospective purchaser, of responsibility for any injuries sustained by a passenger being transported by such public carrier or by such owner or operator." It appears from the facts shown by the record that no charge was made or intended to be made by the defendant to the plaintiff for her transportation, and that there was no relationship of master and servant, or employer and employee, between the plaintiff and the defendant. The parties were members of the same family, related by marriage, and intimate friends. There is nothing in the record which would warrant a finding that the plaintiff was to pay for the trip by having the defendant stay at her house in Connecticut in the event that they did not return to Hyde Park the same day. It is equally plain that the defendant did not expect

to be paid for the trip. In view of the relationship between the parties and the undisputed facts, it appears that the plaintiff was a guest of the defendant on the trip without payment for such transportation. Under the statute of Connecticut above referred to, where, as here, the plaintiff was transported as the guest of the defendant without payment for such transportation, the plaintiff will not have a cause of action for injury, death or loss in case of accident "unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." If at the time of the accident the plaintiff was a guest and did not pay anything for her transportation she is not entitled to recover. It was held by the Supreme Court of Connecticut that under said c. 308, a guest could not recover for mere negligence, but could recover only when the accident was intentional on the part of the operator, or was caused by his heedlessness or his reckless disregard of the rights of others. *Bordonaro* v. *Senk*, 109 Conn. 428. In construing the statute in the case of *Russell* v. *Parlee*, 115 Conn. 687, the Supreme Court of Connecticut, in holding that the plaintiff was entitled to recover, said at page 692: "The person transported is not a guest within the meaning of the statute if the transportation is for the mutual benefit of both parties, and in determining whether it was for their mutual benefit the relationship between the parties to which it was an incident may be considered. . . . The relationship must be definite and the benefit tangible . . . but it is not required that the relationship be such that the benefit accruing is the consideration for the transportation agreed upon by the parties." See also *Chaplowe* v. *Powsner*, 119 Conn. 188, 192.

The case at bar is governed by the cases above cited and by *Leete* v. *Griswold Post*, 114 Conn. 400, *Bradley* v. *Clarke*, 118 Conn. 641, and *Master* v. *Horowitz*, 262 N. Y. 609. As was said of the evidence in *Baker* v. *Hurwitch*, 265 Mass. 360, at page 361: "It is insufficient to indicate anything more than the friendly relations or the sense of mutual

obligation arising between kindred." See also *Jacobson* v. *Stone*, 277 Mass. 323, 325.

As verdicts for the defendant were properly entered by the trial judge, the entry in each case must be

*Exceptions overruled.*