Anna Ruel *vs.* Aurore Langelier.

Hampden.    September 23, 1937. — January 31, 1938.

Present: Rugg, C.J., Field, Donahue, Lummus, Qua, Dolan, & Cox, JJ.

*Negligence*, Gratuitous undertaking, Guest, Invited person, Motor vehicle.

One whom the driver of an automobile had gratuitously undertaken to transport and who at his request had got out of the automobile to help start it by pushing from behind, could be found still to be the driver's guest and not entitled to recover from him for injuries caused by the backing of the automobile due to negligence, but not to gross negligence, on his part.

The definition of "guest occupant" of a motor vehicle inserted in G. L. (Ter. Ed.) c. 90, § 34A, by St. 1935, c. 459, § 1, does not affect the principles of our law as to negligence and gross negligence.

Tort.    Writ in the District Court of Holyoke dated October 25, 1935.

The Appellate Division for the Western District vacated a finding of *Welcker, J.*, for the defendant and ordered a

finding for the plaintiff in the sum of $1,320.  The defendant appealed.

The case was argued at the bar in September, 1937, before *Field, Donahue, Lummus,* & *Qua,* JJ., and afterwards was submitted on briefs to all the Justices.

*W. T. Cavanaugh,* for the defendant.

*O. D. Rainault,* for the plaintiff.

Qua, J.  The trial judge found these facts: The plaintiff and the defendant with three other women left the home of a friend in Holyoke and entered the defendant's automobile, which was parked at the side of the road.  The defendant was taking the four women to their homes.  The defendant attempted to start the automobile, but could not do so, because the rear wheels spun around, wearing grooves in the snow, the automobile going forward and backward a distance of a foot or a foot and a half.  The defendant said that someone would have to get out and push.  The plaintiff and one Ruth Bechard got out.  The plaintiff went to the rear of the automobile, and Ruth Bechard went to the front of the automobile.  The defendant was sitting in the driver's seat.  Ruth Bechard talked with the defendant for "about a minute."  Then the defendant, momentarily forgetting that the plaintiff might be at the rear of the automobile and that the gear was in reverse, started the automobile.  The automobile moved back and struck the plaintiff, throwing her to the ground and injuring her.  The plaintiff and the other women were taken home by the defendant.

The judge found that the defendant was negligent, but he also found that the plaintiff was a guest of the defendant at the time she was struck, and found generally for the defendant.  The judge made an alternative finding for the plaintiff in the sum of $1,320, in the event that an appellate court should find error in his "interpretation of the law that the plaintiff was the guest of the defendant when struck."  The only question argued, and the question decisive of the case, is whether the subsidiary facts found permit the judge's ultimate conclusion that the defendant owed to the plaintiff the lesser duty of care which under our deci-

sions a host owes to a guest passenger instead of the higher duty of due care under the circumstances which one person commonly owes to another.

The words "host" and "guest" often used in cases of this kind must not be allowed to obscure the principle underlying our decisions. As abundantly demonstrated in the leading case of *Massaletti* v. *Fitzroy*, 228 Mass. 487, that principle, stated in very general terms, is that, when one enters upon a gratuitous undertaking for the benefit of another, the duty of care which he owes to that other with respect to his acts of commission or of omission in the carrying out of the undertaking is only the duty to refrain from gross negligence. The extent of the application of the principle is not now before us. In recent years it has been most frequently applied in cases of the so called "guest" riding in the automobile of his "host."

Coming now to the case before us, it must be clear that the degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or outside of it, or upon whether in everyday language she would be described as a guest. The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed. We think that the judge could find that the defendant's attempt to start the automobile which resulted in backing it against the plaintiff was a part of the process of getting the automobile free from the snow, and therefore a step in carrying out the gratuitous undertaking of transporting the plaintiff to her home which had been begun when the plaintiff first stepped into the automobile and which had never been abandoned. Hence the judge's finding that the plaintiff was a "guest" of the defendant cannot be called error in law. Whether a contrary finding could have been made we need not inquire.

*Fone* v. *Elloian*, 297 Mass. 139, is to be distinguished. That case fully recognizes the governing principle. In that

case the trial judge ruled that as matter of law the plaintiff was a guest, while we held, on evidence differing materially from the facts in this case, that a finding could have been made that the injury did not arise out of the gratuitous undertaking. See *Forman* v. *Prevoir*, 266 Mass. 111; *Conley* v. *Rosenfield*, 271 Mass. 433. Compare *Niles* v. *Boston Elevated Railway*, 225 Mass. 570; *McManus* v. *Boston Elevated Railway*, 262 Mass. 519.

Our attention is also called to the definition of "guest occupant" inserted in G. L. (Ter. Ed.) c. 90, § 34A, by St. 1935, c. 459, § 1, whereby the meaning of those words in the compulsory insurance law is limited to persons "being in or upon, entering or leaving" the vehicle. But that statute merely affects the scope of compulsory insurance coverage and does not purport to change established principles of liability for negligence. Decisions in other States based upon the wording of so called "guest statutes" are not decisive upon the application of our rule, which has developed from the common law. See *Chaplowe* v. *Powsner*, 119 Conn. 188.

Even if the plaintiff was engaged in pushing the automobile at the time of the accident, which does not appear, that incidental act on her part, although in a sense it might accommodate the defendant, would not require a ruling that the undertaking to transport the plaintiff had ceased to be a gratuitous undertaking. *Flynn* v. *Lewis*, 231 Mass. 550. *Jacobson* v. *Stone*, 227 Mass. 323. *Roiko* v. *Aijala*, 293 Mass. 149, 157. *Drea* v. *Drea*, 292 Mass. 477. *Woods* v. *Woods*, 295 Mass. 238, 242.

The order of the Appellate Division directing the entry of judgment for the plaintiff is reversed, and judgment is to be entered for the defendant upon the finding of the trial judge.

*So ordered.*