MARY E. DONAHUE *vs.* JOHN L. KELLEY.

Middlesex.      April 3, 1940. — September 9, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence*, Guest, Gratuitous undertaking, Motor vehicle.

Upon evidence that the plaintiff was struck by an automobile by reason of the defendant's simple negligence while moving it from its parking place to the place where the plaintiff was waiting on the sidewalk to enter it for gratuitous transportation to his home, the plaintiff could not recover.

TORT. Writ in the Third District Court of Eastern Middlesex dated March 14, 1938.

Upon removal to the Superior Court, the action was tried before *Dillon*, J.

*C. H. Loring*, for the plaintiff.

*J. W. White*, (*A. F. Bickford* with him,) for the defendant.

DONAHUE, J. The plaintiff brought this action to recover damages for injuries received when she was struck by an automobile operated by the defendant. The case was tried before a jury in the Superior Court on the report of an auditor and testimony of the plaintiff. In response to a question put by the judge, the jury stated that it found the relationship of "host and guest" between the defendant

and the plaintiff did not exist at the time the plaintiff was injured. The judge reserved leave under G. L. (Ter. Ed.) c. 231, § 120, and later allowed a motion of the defendant for the entry of a verdict for the defendant. The only exception here presented is to the allowance of this motion.

The material facts were not in dispute. They are here summarized. The plaintiff, a resident of Medford, accompanied the defendant, a resident of Winchester, in the defendant's automobile, to visit a mutual friend who lived in Woburn. Upon arrival at the friend's home the defendant parked his automobile on the friend's premises in a driveway which ran at a right angle to the street. The auditor found that at the conclusion of the visit the plaintiff and the defendant "both intended that the plaintiff should be driven by the defendant, in the defendant's automobile, from the house in which they were visiting to her home in Medford; the defendant intending to proceed to his home in Winchester after leaving her at her home." The plaintiff testified "that when the call was over she and the defendant came out of the friend's house with the sole purpose in mind of going home; that the defendant was going to take her home; that when the defendant went out to the car she knew that he was doing this for the very purpose of getting his car to take her home." The defendant crossed the friend's lawn to the driveway to enter his automobile and the plaintiff went down the front walk and along the sidewalk to its intersection with the driveway. While standing there the plaintiff signalled to the defendant that the street was clear so that he might safely back out into the street. The defendant then backed the automobile past the place where the plaintiff was standing and into the street, at an angle, preparatory to driving the automobile forward and stopping it with its right front door opposite the plaintiff so that she might enter. He drove his vehicle forward but realized that he had not stopped it at such an angle that in going forward it would pass clear of a tree growing at the outer edge of the sidewalk. In attempting to put his foot on the brake pedal

and stop the forward progress of the automobile, his foot struck the accelerator. This caused the vehicle "to lurch forward" and strike the tree and the plaintiff. The plaintiff testified that when the accident happened the defendant "was bringing his car forward so that the right hand side, or the side upon which she was going to sit, would be nearest to her." The bill of exceptions states: "It is agreed that there was no evidence of gross negligence or wilful and wanton conduct on the part of the defendant, and that the plaintiff sustained injury, and that the only question raised by this bill of exceptions is whether the plaintiff can recover on proof of ordinary negligence."

The question here is as to the relationship of the parties in fact existing at the time when the automobile of the defendant struck the plaintiff. If, as the plaintiff suggests, the relationship at that time was merely that of a traveller operating an automobile on a public highway and a pedestrian on the highway, the basis of liability of the defendant would be his lack of ordinary care. If, however, as the defendant contends, when the automobile struck the plaintiff, its operation "was an act performed in the course of carrying out . . . [a] gratuitous undertaking which the defendant had assumed" (*Ruel* v. *Langelier*, 299 Mass. 240, 242), he would not be liable for the injury done the plaintiff unless his conduct in operating the vehicle was grossly negligent.

On facts not here in dispute, it must be held that the defendant, at the time his motor vehicle collided with the plaintiff, was carrying out a gratuitous undertaking which he had assumed and that since he was not grossly negligent, he is not liable to the plaintiff.

As was said in *Ruel* v. *Langelier*, *supra:* "the degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or outside of it, or upon whether in everyday language she would be described as a guest." The plaintiff in that case had been riding gratuitously in the defendant's automobile but, upon a suggestion of the defendant, had gotten out

and gone to the rear of the vehicle to help push it when the defendant backed the automobile and injured the plaintiff.

In *Head* v. *Morton*, 302 Mass. 273, the defendant, who had invited the plaintiff and several other women to her home, met them at a stated time and place to convey them to her house in an automobile. The other women had entered the vehicle and the plaintiff was about to do so, but was still on the street, when the defendant started the automobile and an open rear door struck and injured the plaintiff. It was there held that the defendant had assumed the gratuitous undertaking of transporting the plaintiff to her home, that her act in starting the automobile was part of this undertaking, and that she was not liable for ordinary negligence. It is there said, at page 280, that "The real test is to determine whether a gratuitous undertaking of the defendant had begun when the plaintiff was injured." Compare *Fone* v. *Elloian*, 297 Mass. 139.

In the present case the defendant, at the time of the accident, was operating his automobile for the sole purpose of bringing it to a point where the plaintiff could enter it so that he might gratuitously bring her to her home. On the findings of the auditor and on the plaintiff's own testimony, the defendant was acting in the course of carrying out a gratuitous undertaking which he had assumed.

*Exceptions overruled.*