Wilson, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries sustained by him by reason of the operation by the defendant of his automobile under circumstances more particularly hereinafter described. The answer of the defendant is a general denial.
The facts are summarized as follows:
The plaintiff lived on Elm Street, Haverhill. The defendant drove to the plaintiff’s house in his automobile and there picked up the plaintiff and the plaintiff’s wife, by prearrangement, to go to a beano party at the Eagles Lodge Hall on West Street, in said Haverhill. It was the intention of all three people to attend the beano game in the afternoon, have supper together, and then to go home in the defendant’s car. Each person was to pay his own cost of playing beano and eating supper. The plaintiff *249 rode in the back seat and the defendant drove the car while the plaintiff’s wife sat in the front seat beside the defendant. When the defendant drove into the parking area, on West Street, adjacent to the Lodge Hall, where the defendant intended to leave his car while all three attended the beano game, the defendant started to park his car in a space between other cars. He was having some trouble getting into the space. The plaintiff, said, “Do you want me to help you?” and the defendant said, “Yes.” The plaintiff thereupon got out and went to the front of the car. As the plaintiff stood with his face toward the front of the defendant’s car, about four or five feet away, and his back to a parked car, the defendant’s car suddenly shot forward and pinned the plaintiff against the parked car. There was evidence from which the defendant could be found negligent. The plaintiff had intended to alight in the parking area and walk from there to the Lodge Hall, at which the beano game was being conducted. The plaintiff had left his house at about 1:00 P. M. and the accident happened at about 1:30 P. M.
Both parties seasonably filed requests for rulings. After a finding for the plaintiff, the defendant now claims that the trial court erred in giving the plaintiff’s second, third and fourth requests, which are as follows:
“2. The evidence warrants a finding for the plaintiff.
“3. Upon all the evidence the relationship of the plaintiff to the defendant at the time of the accident was not that of a guest.
“4. Upon all the evidence the host and guest relationship between the plaintiff and the defendant had ceased at the time of the accident.”
It is also claimed by the defendant that the trial court erred in refusing the defendant’s requests, which are as follows:
*250 “1. The plaintiff cannot recover under Count 1 of the declaration.
“2. The plaintiff, in order to recover, must show the defendant was grossly negligent.
“4. At the time of the plaintiff’s injury, the status of the plaintiff and defendant was that of guest and host.
“5. The plaintiff cannot recover unless on proof of gross negligence. Donahue v. Kelley, 306 Mass. 511.
“6. As a matter of law the defendant is entitled to a finding. Donahue v. Kelley, 306 Mass. 511.
“7. As a matter of law the finding must be for the defendant.”
The trial court made the following findings:
“On October 4, 1941, the defendant drove his automobile to the home of the plaintiff, in Haverhill in said County of Essex, for the purpose of gratuitously transporting the plaintiff and his wife to a Beano game, in which all three were to take part, and which was to be held in a lodge hall on West Street in said Haverhill.
“The plaintiff and his wife entered said automobile, which was then driven, by the defendant, to a parking area on said West Street. Here the plaintiff got out of the vehicle and attempted to direct the defendant in parking it.
“In the act of turning the front wheels of said automobile, the defendant’s foot slipped from the brake pedal to the accelerator. This caused the car to bound forward and strike the plaintiff, thereby injuring him.
“FINDINGS
“I find that the gratuitous undertaking, which the defendant assumed, ended when the plaintiff got out of the automobile at said parldng area.
“I find that the defendant was negligent and that the plaintiff was in the exercise of due care at the time of the accident.”
*251 It was said in Ruel v. Langelier, 299 Mass. 240, 242:
“The words ‘host’ and ‘guest’ often used in cases of this kind must not be allowed to obscure the principle underlying our decisions. As abundantly demonstrated in the leading case of Massaletti v. Fitzroy, 228 Mass. 487, that principle, stated in very general terms, is that, when one enters upon a gratuitous undertaking for the benefit of another, the duty of care which he owes to that other with respect to his acts of commission or of omission in the carrying out of the undertaking is only the duty to refrain from gross negligence.”
In that case the defendant was taking four women to their homes. When the defendant attempted to start the automobile, the wheels spun around in the snow and the automobile would not go. The defendant said some one would have to get out and push. The plaintiff, accordingly, got out and went to the rear of the car, while another of the women got out and went to the front of the car. The defendant negligently allowed the car to move backward, injuring the plaintiff. The trial court found for the defendant. The Appellate Division vacated the finding of the trial court and ordered judgment for the plaintiff. On appeal to the Supreme Judicial Court, the order of the Appellate Division was reversed and judgment was ordered entered for the defendant, in accordance with the finding of the trial judge.
The court said at page 242:
“We think that the judge could find that the defendant’s attempt to start the automobile which resulted in backing it against the plaintiff was a part of the process of getting the automobile free from the snow, and therefore a step in carrying out the gratuitous undertaking of transporting the plaintiff to her home which had been begun when the plaintiff first stepped into the automobile and which had never been abandoned.”
*252 In Mead v. Morton, 302 Mass. 273, the plaintiff was a member of a club which was invited to meet at the defendant’s house. The defendant, with her automobile, met the plaintiff and others at the car stop, intending to drive them to her house. While the plaintiff was in the act of stepping into the automobile, the defendant negligently started it, injuring the plaintiff. A motion for a directed verdict for the defendant was denied and on appeal it was said at page 280:
“We think that the defendant in the case at bar had assumed the gratuitous undertaking of transporting the plaintiff to her home, and that her act in starting the automobile was a part of this undertaking. The contention that while the plaintiff ‘was in the air’ with her ‘ right foot in the air and (her) left foot on the ground . . . starting into the car in that motion, ’ within range of the open door, she could have changed her mind and withdrawn does not change the situation. The real test is to determine whether a gratuitous undertaking of the defendant had begun when the plaintiff was injured.”
In Donahue v. Kelley, 306 Mass. 511, the defendant took the plaintiff in his automobile to call upon a mutual friend. At the conclusion of the visit, the plaintiff and defendant both intended that the plaintiff should be driven to her home by the defendant. The defendant backed the car past the place where the plaintiff was standing, preparatory to driving it forward and stopping it with the front door opposite the plaintiff, so that she might enter. In doing so, he negligently injured the plaintiff.
After the jury, in response to a question by the trial judge, had said that the relationship of “host” and “guest” did not exist between the plaintiff and the defendant at the time of the accident, the judge ordered a verdict for the defendant. There the court said at page 513:
*253 “On facts not here in dispute, it must be held that the defendant, at the time his motor vehicle collided with the plaintiff, was carrying out a gratuitous undertaking which he had assumed and that since he was not grossly negligent, he is not liable to the plaintiff. ’ ’
In Ethier v. Audette, 307 Mass. 111, where the defendant had gratuitously undertaken to transport the plaintiff to her home, it was decided between them that they could stop at a certain restaurant where the plaintiff could buy some sandwiches to be taken out and eaten at her home; that the defendant stopped at the restaurant and the plaintiff got out and walked toward the entrance, but before reaching it she returned to the automobile, the door of which was open, placed one foot on the running board and stood talking to the defendant. While the plaintiff was in the position described, the defendant negligently started the automobile, injuring the plaintiff. The trial judge found that the gratuitous undertaking of the defendant had been temporarily abandoned to permit the plaintiff to enter the restaurant for the purpose of getting sandwiches. The trial judge ruled that there was no evidence of gross negligence but refused to rule that the plaintiff was a guest of the defendant and that the gratuitous undertaking had not ceased. The court said at page 113:
“The stop, which was for a common purpose, was an incidental part of the transportation, and a part of the undertaking would not have been completed unless or until the sandwiches were procured or, at least, until the common purpose had been abandoned.”
It was held in all the cases above referred to that the defendant’s duty does not depend upon the position of the plaintiff at the moment of the accident, whether the plaintiff was then in the defendant’s automobile or outside of it. The test of the defendant’s duty to the plaintiff depends upon whether he was at the time of the accident engaged *254 in carrying out a gratuitous undertaking, which he had assumed toward the plaintiff.
We think the case at bar is more nearly like the case of Fone v. Elloian, 297 Mass. 139. There the defendant invited the plaintiff and others to go in his truck to a pond for the purpose of going swimming. Arriving at the,pond, the defendant parked the truck in a manner which could be found to be negligent. The defendant and all the others, except the plaintiff and another, went swimming. The plaintiff sat upon the ground and was injured when the truck ran down a bank against him. The trial judge ordered a verdict for the defendant. The court, in setting aside the verdict, said at page 140:
. “We think that there was here evidence which, if believed, would warrant a finding that, at the time of the plaintiff’s injury, the guest relationship which earlier existed had terminated. . . .If, as might have been found, the plaintiff in this action after arriving at the pond had ceased to be a guest passenger and up to the time of his injury had not resumed that relationship, the obligation upon the defendant was to use reasonable care to avoid injury to the plaintiff.”
In the case at bar, the plaintiff had left the defendant’s car and it was not intended either by himself or the defendant, that he would enter it again until they had spent the afternoon playing beano. The transportation of the plaintiff had ceased, and no further journey was immediately contemplated. We think the finding of the judge “that the gratuitous undertaking of the defendant ceased when the plaintiff got out of the automobile at the parking area” was warranted by the evidence.
There was no error in the disposition which the trial court made of the requests for rulings filed by the plaintiff and the defendant.
No prejudicial error appears and the report is dismissed.