ERNEST A. ROBINSON *vs.* WHITE FUEL CORPORATION.

Essex.    December 5, 1950. — January 3, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Use of way, Motor vehicle, Contributory.

Evidence, that the driver of an oil truck parked at the side of a street next to a crosswalk at a busy intersection of streets in a city raised a thin, sharp edged, silver colored, metal rear door of the truck to a horizontal position so that it extended over a part of the crosswalk, and left it unattended while he was delivering oil, and that an elderly pedestrian crossing the street on the crosswalk, not noticing the door, struck his head against its edge and was injured, warranted a finding of negligence on the part of the driver and did not require a ruling that the pedestrian was guilty of contributory negligence.

TORT.    Writ in the District Court of Southern Essex dated July 29, 1948.

Upon removal to the Superior Court, the action was tried before *Warner*, J.

*E. Martin*, (*E. F. Hennessey* with him,) for the defendant.
*C. V. Hogan*, for the plaintiff.

WILKINS, J.    The plaintiff, a pedestrian on a crosswalk at the junction of Blake Street and Central Square, Lynn,

struck his head against the horizontal edge of a metal door which had been raised to an open position on the rear of the defendant's truck, while it was parked at the side of Blake Street for the purpose of delivering oil. There was a verdict for the plaintiff. The defendant's one exception is to the denial of its motion for a directed verdict.

The jury could have found these facts. Shortly after 10 A.M. on July 13, 1948, the defendant's driver parked the truck close to the rear of another parked truck. The driver went to the rear of the defendant's truck, which was just off the crosswalk, and lifted the door. The door was held up and open by automatic snaps on "braces which run over knobs." To shut the door it was necessary to push the braces up on both sides. The door was approximately four feet long and, when opened up, extended four feet. The open door was "flatwise" and protruded one foot to two thirds of the way over the crosswalk. It was silver colored, of very thin metal, one eighth to one quarter of an inch at the edge. The driver took his tools out of the back of the truck and, without closing the door, returned to the sidewalk and looked after the delivery of oil. He had been so engaged about ten minutes when the plaintiff was hurt. The plaintiff, seventy-one years of age, was crossing in the direction of the building which was receiving the oil. The section was one of busy traffic at the junction of four streets leading into Central Square. The plaintiff "was walking in between" the white lines marking the crosswalk. He noticed the defendant's parked truck, but did not observe the sharp edge of the door until he struck his head against it.

The defendant's contention is that the alleged dangerous condition was obvious to a person of ordinary intelligence. It relies upon such cases as *Sawyer* v. *Boston Elevated Railway*, 243 Mass. 469, 472, *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196, and *Bannister* v. *Berkshire Street Railway*, 301 Mass. 598, 601. We think, however, that these cases do not apply, and that the case was rightly submitted to the jury. The plaintiff was lawfully using a crosswalk at a busy intersection in one of our larger cities. Proper

regard for his own safety required that he give heed to traffic on four streets. His conduct is not to be judged according to the same criterion as if the defendant's truck and he were alone on those streets. He was not contributorily negligent as matter of law. The jury could find that it was negligent for the defendant's driver to raise the thin, sharp edged, silver colored door to a horizontal position encroaching upon the crosswalk and to leave it unattended at a height above the ground where it might be expected to escape the observation of some pedestrians. *McGrath* v. *American Express Co.* 219 Mass. 314, 317. *Agnew* v. *Franks,* 255 Mass. 539, 541. See *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526; *Giacomuzzi* v. *Klein,* 324 Mass. 689; *Keeley* v. *Miller Drug Co.* 324 Mass. 692.

*Exceptions overruled.*