*Northern District*

No. 5107

## JOSEPH LANZA

v.

## GERALD J. SCARPA

(June 18, 1957)

*Present*: GADSBY, P. J., ENO AND BROOKS, JJ.

*Brooks, J.* This is an action of tort wherein plaintiff seeks to recover for personal injuries while a passenger in a car operated by defendant. The answer, so far as relevant, is general denial.

*There was evidence to show that* plaintiff, as a guest of defendant, was being transported gratuit-

ously to a funeral home at about 8 p.m. on January 18, 1955. No arrangements for return had been made. Plaintiff sat in the rear seat of a 1950 2-door Chevrolet sedan. Defendant drove the car with his brother on the front seat beside him.

Upon arrival at the funeral home, defendant's brother got out of the front seat which had a shield or guard at the ends and plaintiff started to get out of the rear seat. To do this, he had to push *back* the right front seat to get access to the door from the right side of the car.

While defendant remained in the car, his brother and plaintiff alighted and one of the three closed the door. Plaintiff and defendant's brother started to walk toward the funeral home on the same side of the street as the automobile. Plaintiff walked five to seven feet from the right side of the car when defendant started the car for the purpose of driving away and returning to the funeral home. Meanwhile a rubber hose about one-half inch in diameter and twelve feet long, designed to enable a motorist to transfer air from one tire to another, in some way became entangled around the plaintiff's ankle and leg, the other end being caught in the closed door of the car. When the car started, plaintiff, being attached to it by the hose, was thrown to the street and his leg broken and he was otherwise seriously injured. At the instant this happened, someone yelled "Stop!" and the car stopped immediately.

The hose, a few days before, had been placed by defendant in the form of a coil in a space under the right front seat. He had pushed it into this space from the rear of the seat toward the front end and had not seen it or touched it since that time.

In some manner, not disclosed at the trial, one end of the hose became entangled around plaintiff's foot with the other end shut in the door after plaintiff alighted. Whether this entanglement occurred before

or after plaintiff alighted does not appear. Plaintiff had not seen the hose on the floor while he was in the automobile. While the passengers were alighting, defendant, sitting in the driver's seat, could see such part of the door and door opening as was not obscured by the seat and back of the right front seat. The area in front of the funeral home was well lighted and there were no obstructions to defendant's view except as indicated. At no time prior to the accident did plaintiff feel the presence of the hose nor did he feel that he had stepped onto or into anything except the street.

Defendant filed the following Requests for Rulings which, with the action thereon, were as follows:

1. The evidence does not warrant a finding that the defendant was negligent. *Denied.*

2. The evidence does not warrant a finding that the plaintiff was other than a gratuitous guest of the defendant at the time he was injured. *Denied.*

3. The evidence does not warrant a finding that the plaintiff was other than a gratuitous guest of the defendant at the time when the defendant was guilty of any negligence. *Denied.*

4. The evidence requires a finding that any negligence of the defendant arose out of an act which was a step in carrying out a gratuitous undertaking of transporting the plaintiff. *Denied.* I find as a fact that the gratuitous undertaking of transporting the plaintiff had terminated and that the defendant's act of negligence was not a step in carrying out such transportation. I further find that the defendant's negligence was the cause of the accident and the injuries sustained by the plaintiff who was in the exercise of due care.

Defendant claims to be aggrieved by the denial of all the requests and the Findings of Fact on Request No. 4.

This is a strange case on the facts and a close case

on the law. The question is on which side of the line does it fall among the decisions where the issue is whether or not plaintiff is a gratuitous passenger to whom defendant owes the duty to refrain from exercising gross negligence. *Mazzaletti v. Fitzroy*, 228 Mass. 487.

It is agreed that defendant here was not grossly negligent. Therefore, in order to recover, plaintiff must prove that he was not a passenger at the moment of the accident. *Ethier v. Audette*, 307 Mass. 111. In such case, provided plaintiff is not contributorily negligent, he need only prove ordinary negligence on the part of defendant. If plaintiff is found to be a passenger, he cannot recover in this case.

Under the Massachusetts cases, it is not necessary in order to find plaintiff to be a passenger that he be in the vehicle at the time he suffered injury. He may be entering the vehicle. *Polcari v. Cardillo*, 316 Mass. 421; *Head v. Morton*, 302 Mass. 273. He may be leaving the vehicle. *McManus v. Boston El. Ry.*, 202 Mass. 519. He may be entirely outside of the vehicle. *Ruel v. Langelier*, 299 Mass. 240; *Bragdon v. Dinsmore*, 312 Mass. 628.

"The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed." *Ruel v. Langelier, supra.* However, the fact that defendant had planned to transport plaintiff on a return trip, does not necessarily preserve plaintiff's passenger status. *Fone v. Ellvian*, 297 Mass. 139.

While here the trip had terminated, the connection between plaintiff and the automobile had not terminated. He was still attached to it so that for all practical purposes, he was even more in danger from negligent operation than if he had had a foot on the running board. We are inclined to think, therefore, that plaintiff was still a passenger and that in

the absence of gross negligence he is not entitled to recover.

Furthermore, on the record before us, we are unable to find evidence of even simple negligence. The facts are so obscure as to the manner of plaintiff's entanglement in the hose that we do not think the mere presence of the hose in the automobile is evidence of negligence.

*The finding is to be vacated and judgment entered for defendant.*

Harry L. Rose, Arthur J. Learson, for the Plaintiff.
Badger, Pratt, Doyle & Badger, for the Defendant.