JOSEPH LANZA vs. GERALD J. SCARPA.

Suffolk.   December 5, 1957. — January 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Gross, Motor vehicle.

Evidence of the circumstances in which the plaintiff, who had been a guest riding in the rear seat of a two door automobile operated by the defendant, was injured when, after leaving the automobile and walking a few feet along a street, he was thrown down because one end of a rubber hose which had been placed, coiled, under the front seat of the automobile by the defendant a few days previously entangled the plaintiff's ankle and leg and the other end of the hose was clamped in the door of the automobile, which was closed after he got out, did not warrant a finding of gross negligence on the part of the defendant if the plaintiff was still a guest of the defendant when thrown down or a finding of lack of ordinary care on the part of the defendant if the plaintiff was then a traveller upon the street.

TORT.   Writ in the Municipal Court of the Dorchester District dated October 19, 1955.

The action was heard by *Crehan*, J.

*Arthur J. Learson*, for the plaintiff.

*Andre R. Sigourney*, for the defendant.

RONAN, J.   This is an appeal from an order of the Appellate Division vacating a finding for the plaintiff and ordering judgment for the defendant in an action of tort brought by the plaintiff to recover for injuries after alighting from an automobile in which he had been a gratuitous passenger.

The defendant transported in his two door automobile two guests; one occupied the front right seat and the other, the plaintiff, the rear seat.   These two guests intended to visit a funeral home to pay their respects to the deceased father of the defendant.   The defendant a few days previously had placed a rubber hose, which was one half inch wide and ten or twelve feet long and in the form of a coil,

in his automobile, and pushed it into the space under the right front seat from the rear of that seat. The passenger in the front seat got off when the defendant stopped, and the plaintiff then left the rear seat, pushed the back of the right front seat forward, left the automobile, and went along the street five to seven feet when he was thrown down by his ankle and leg having become entangled in one end of the hose, the other end of which was clamped in the door of the automobile which had been shut after the guests had alighted.

The plaintiff contends that he was a pedestrian upon the public street when he was injured, while the defendant contends that the relationship of a gratuitous guest had not terminated at the time of the accident and that in the absence of gross negligence there can be no recovery. There is nothing to show how the coil was dislodged. The only person who went near the coil on his way out was the plaintiff. He testified, however, that he did not see it, before he was thrown down. There is no evidence explaining how one end of the coil arrived at the place of the accident or who had shut the door upon the other end of the coil. There is nothing to show that the defendant knew or should have known that the rubber hose had become dislodged and was in the street. If the plaintiff, who admittedly had been a gratuitous passenger, still retained that status at the time of the accident, he cannot recover because of his failure to prove that it was caused by the gross negligence of the defendant. *Donahue* v. *Kelley*, 306 Mass. 511. *Ethier* v. *Audette*, 307 Mass. 111. *Adams* v. *Baker*, 317 Mass. 748. If on the other hand the plaintiff at the time of the accident could have been found to have terminated his former relationship of a guest and to have become toward the defendant a traveller upon a public way, then the defendant was bound to use ordinary care not to injure him. In that event there is no evidence that the defendant knew or ought to have known of the presence of the hose in the street prior to the accident. The defendant was not required to guard against an accident of the same general nature as that incurred by

the plaintiff.   It could not be reasonably anticipated that harm would come to a traveller upon a public way by reason of placing the hose under the seat.  *Falk* v. *Finkelman*, 268 Mass. 524.  *Sylvester* v. *Shea*, 280 Mass. 508.  *Marengo* v. *Roy*, 318 Mass. 719.  *Lydon* v. *Warehouse 13, Inc.* 335 Mass. 729.  *Peacock* v. *Ambassade Realty Corp.*, *ante*, 115.

*Order of Appellate Division*
*affirmed.*