EVA MOTTA *vs.* CHARLES MELLO.

Bristol.   November 3, 1958. — December 3, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Gratuitous undertaking, Guest, Gross, Motor vehicle.   *Evidence*, Evidence binding a party.   *Nuisance*.   *Way*, Public: nuisance.

The plaintiff in an action for personal injuries sustained when she stepped into a street and fell over an extension of the exhaust pipe of the defendant's parked automobile was bound by her own testimony that she was then on her way to get into the automobile at the defendant's invitation.   [172]

Evidence merely that the operator of an automobile forgot to remove a pipe extending its exhaust pipe two feet "from the back of the trunk" and that one night he told a guest to get into his parked automobile by going around the back of it would not have warranted a finding of

gross negligence on his part toward the guest, who fell over the pipe and was injured. [173]

In an action against the operator of a parked automobile who had offered to give the plaintiff a ride to her home one night as she came out of the house of relatives, testimony binding on the plaintiff, that she was on her way to get into the automobile when she stepped into the street at the rear of the automobile and was injured by falling over a pipe extending its exhaust pipe, required findings that the plaintiff when injured had accepted the defendant's gratuitous undertaking to take her home and that a host-guest relationship then existed between them. [173]

Evidence merely that an automobile parked on a street at night for a short time awaiting a guest of the operator had on it a pipe extending its exhaust pipe two feet "from the back of the trunk," over which the guest fell and was injured, would not have warranted a finding that the operator maintained a nuisance on the street. [173–174]

TORT. Writ in the Second District Court of Bristol dated October 16, 1956.

Upon removal to the Superior Court the action was tried before *Callan*, J., a District Court judge sitting under statutory authority.

*Francis D. Mone*, for the defendant.

*John F. O'Donoghue*, (*H. William Radovsky* with him,) for the plaintiff.

CUTTER, J. This is an action of tort to recover for a personal injury alleged to have resulted from the negligent operation or maintenance of the defendant's automobile. The plaintiff obtained a verdict. The case is here on the defendant's bill of exceptions.

The evidence most favorable to the plaintiff shows the following circumstances. The plaintiff, who could not speak English, on the evening of the accident visited the house of her brother and his wife who was the defendant's mother. Shortly before the accident, the defendant left the house and moved his automobile to the front of the house, with the left wheels parallel to and against the curbing. With the motor running and the lights on, he waited for the plaintiff to come outside. When she did so, he "called to her that he . . . would take her to her home. She said she did not want to go whereupon the defendant said he would give her a ride. He called to the plaintiff to go around the back of

his automobile." The plaintiff admitted that, as a result of the conversation, she did go around the back of the automobile to get into it. It was dark and when she stepped "from the curbing into the street she tripped over a pipe that extended 24 inches from the back of the trunk of the automobile and fell and broke her arm." She testified that the pipe was "tied . . . down low" and that, when she hit it, it was hot. She did not see the pipe until after she had fallen. The pipe was an extension of the exhaust pipe and the plaintiff testified that the defendant said that "he forgot to take it out."

The defendant duly excepted to the judge's refusal to give an instruction that if "the jury finds that . . . the plaintiff was in the process of walking to the defendant's car with the intention of entering . . . [it] for the purpose of receiving a ride . . . then . . . for the plaintiff to recover, the jury must find that the defendant was grossly negligent." The defendant also excepted to a portion of the judge's charge "that the evidence indicated . . . [that the plaintiff] was not a passenger and not in the status of a passenger at the moment of her injury" and to the judge's failure to direct a verdict.

1. The crucial testimony is that of the plaintiff admitting (a) that she had been invited to ride by the defendant before she was injured, and (b) that when she was injured she was on her way to get into the automobile. By this latter evidence (relating to her own state of mind and intention) she is bound. *Hannon* v. *Hayes-Bickford Lunch System, Inc.* 336 Mass. 268, 273.

If a host-guest relationship had begun before the accident occurred and a gratuitous undertaking to the plaintiff had been assumed by the defendant, the defendant owed to the plaintiff "only the duty to refrain from gross negligence." *Bagley* v. *Burkholder*, 337 Mass. 246, 248. See *Ruel* v. *Langelier*, 299 Mass. 240, 242; *Donahue* v. *Kelley*, 306 Mass. 511, 513. As was said in *Ruel* v. *Langelier*, *supra* (at p. 242), "[t]he degree of the defendant's duty depends upon whether the act . . . claimed to be negligent was . . . performed in

Motta *v.* Mello.

. . . carrying out the gratuitous undertaking." See also *Massaletti* v. *Fitzroy*, 228 Mass. 487, 489; *Comeau* v. *Comeau*, 285 Mass. 578, 581; *Head* v. *Morton*, 302 Mass. 273, 279–280; *Lanza* v. *Scarpa*, 336 Mass. 629, 630. The *Head* case points out that certain cases relied on by the plaintiff (e. g. *Duchemin* v. *Boston Elev. Ry.* 186 Mass. 353, 357, and *Fournier* v. *Holyoke St. Ry.* 258 Mass. 257, 259, dealing with when a person becomes a passenger of a carrier for compensation) may involve somewhat different considerations. The circumstance fixing the scope of the defendant's duty was not whether the plaintiff had become a passenger but whether the defendant had assumed a gratuitous undertaking to her.

We assume that, if they be believed, the plaintiff's statements, that "a pipe . . . extended 24 inches from the back of the trunk of the automobile" and that the defendant said "he forgot to take . . . [the pipe] out," would warrant a finding of ordinary negligence. See *Robinson* v. *White Fuel Corp.* 326 Mass. 636, 638. As the projection, if any, of the pipe was only two feet "from the back of the trunk" (and presumably considerably less beyond the back of the rear bumper) there was no violation in this respect of G. L. c. 90, § 7 (as amended through St. 1955, c. 124). The evidence, however, plainly does not warrant a finding that the defendant was guilty of gross negligence, which must be based on conduct amounting to "an 'aggravated degree of culpability.'" *Bagley* v. *Burkholder*, 337 Mass. 246, 248.

Since the plaintiff is bound by her testimony that she was on her way to get into the automobile when the accident occurred, findings would not have been warranted that she had not then accepted the defendant's gratuitous undertaking to give her a ride, and that a host-guest relationship did not then exist. In the absence of evidence warranting a finding of gross negligence, the plaintiff presented no case for the jury. The trial judge should have granted the defendant's motion to direct a verdict for him.

2. The evidence, in view of the obviously highly temporary character of the presence of the automobile and the minor nature of the projection, if there was any, was not

sufficient to present any issue of fact whether the defendant was maintaining a nuisance on the street in the sense of an obstruction for an unreasonable length of time unduly and unreasonably interfering with the rights of the public. See *Gaw* v. *Hew Constr. Co.* 300 Mass. 250, 255; *Caissie* v. *Cambridge*, 317 Mass. 346, 348; *Geary* v. *H. P. Hood & Sons, Inc.* 336 Mass. 369, 372. Cf. *Jones* v. *Hayden*, 310 Mass. 90, 94; *Galbraith* v. *Levin*, 323 Mass. 255, 261; *Foley* v. *Boston Consol. Gas Co.* 332 Mass. 572, 575; *Lossian* v. *Goudreault*, 335 Mass. 253, 255. A motion filed in this court for leave to amend the declaration to include a count alleging nuisance is denied. See G. L. c. 231, § 125. The case was not tried below on any theory of nuisance nor were facts established warranting a finding of nuisance. See *Boston Plate & Window Glass Co.* v. *John Bowen Co. Inc.* 335 Mass. 697, 702.

*Exceptions sustained.*
*Judgment for the defendant.*