Elbert T. Gallagher, J.
On March 17, 1961, the plaintiff and the defendant, Anthony Spencer, students at Brandéis University in Massachusetts, left the university for a week-end ski trip to Vermont. Plaintiff was a guest in the automobile driven by Mr. Spencer and owned by defendant, Sara Spencer, his mother. Later in the day, while in the State of Vermont, the automobile collided head-on with a second automobile owned and operated by defendant, Chester Erion.
The parties have stipulated to settle this negligence action for $13,500, but to leave it to the court to determine which of the defendants is liable therefor.,
The court finds that the negligence of both drivers contributed to the happening of the accident. Mr. Spencer was heading in an easterly direction but traveling on the wrong, side of the road. *473 At the time of the accident his automobile .was entirely to the left of the imaginary center line. Mr. Erion, proceeding in a westerly direction was, according to his own testimony, aware of the fact that the Spencer automobile was on the wrong side of the road when it was 300 to 700 feet distant. He remained aware of that fact until the time of impact. Yet he estimates that he was only 35 feet from the point of impact when he firmly applied his brakes. Skid marks, left by the Erion vehicle, indicate that he applied his brakes when 63 feet from the point of impact. The length of the skid marks, together with Mr. Erion’s testimony, clearly establishes that he made no real attempt to stop his vehicle or to decrease his speed until it was too late to avoid the collision.
In determining the issue of negligence the court is mindful of the fact that the law of the State of Vermont, the place where the accident occurred, is controlling. The right of the plaintiff as a passenger in the Spencer automobile to recover against her host for injuries resulting from the host’s negligence will, however, be determined according to the law of the State of New York. The distinction is an important one in view of the fact that Vermont has a “ guest statute” which provides that the owner or operator of a motor vehicle is not liable in damages for injuries received by a guest ‘ ‘ unless such injuries are caused by the gross or wilful negligence of the operator ”. (Vermont Stat., tit. 23, § 1491.) The State of Massachusetts, where the guest-host relationship arose and where the trip began and was to end, does not appear to have a “ guest statute”. It does however have a common-law equivalent requiring a gratuitous passenger in an automobile to establish gross negligence in order to recover against the host. (Ruel v. Langelier, 299 Mass. 240; Manning v. Simpson, 261 Mass. 494.) There is, of course, no such requirement under the substantive law of the State of New York.
In holding that the New York law governs the rights and liabilities stemming from the guest-host relationship the court has applied the “ center of gravity ” rule adopted by the Court of Appeals in Babcock v. Jackson (12 N Y 2d 473). That rule gives precedence to the law of the State having the most substantial interest in the occurrence and the parties.
In Babcock the tort occurred in the Providence of Ontario but the “center of gravity” was held to be New York, where the parties resided, the automobile was registered, the guest-host relationship arose and the trip began and was to end.
The gravitation pull is less readily detectable in the present case. Three States share an interest in this matter. The acci *474 dent occurred in Vermont where plaintiff and Mr. Spencer were sojourning for the week end: The guest-host relationship arose in Massachusetts where they had taken up temporary residence as students and it was there that the trip began and was to end. Their permanent residence, however, was New York and it was here that Mr. Spencer was licensed to drive. Mrs. Spencer, the owner of the host vehicle was also a New York resident and her automobile was registered here. Since the codefendant Erion, has a vital interest in this question, it is to be noted that he too resided in New York and that his automobile was registered in this State.
Permanent residence is not invariably of controlling significance. Where there is a concentration of contacts in a single State, that State may Avell be said to have a paramount interest although it is not the permanent residence of the parties (see, e.g., Dym v. Gordon, 22 A D 2d 702; Macey v. Rozbicki, 23 A D 2d 532).
In the present case, however, where there is no such concentration in any one State, permanency of residence is a consideration of particular Aveight. This was implied if not expressly stated in Babcock {supra). Evaluation of the “ center of gravity ” on a qualitative rather than a quantitative basis dictates the application of New York law.
In view of this conclusion it is immaterial whether Mr. Spencer Avas guilty of gross as distinguished from ordinary negligence.
Plaintiff is entitled to judgment against each of the defendants. Since this is a consolidated action, provision should be made for a severance and judgment entered only in Action No. 1.
This opinion shall constitute the decision of the court.