Rescript Opinions.

DENISE GRIFFIN & another *vs.* AMERICAN MOBILE CORPORATION & another.
June 4, 1971. The plaintiffs, Denise Griffin, a minor, and her mother, Mary C.
Lepore, brought this action of tort against the defendants, American Mobile
Corporation, and its employee, David Gleitsman. After the close of the
evidence the trial judge, subject to the plaintiffs' exceptions, directed ver-
dicts for the defendants. The evidence most favorable to the plaintiffs is
summarized: Gleitsman operated an ice cream truck owned by American
Mobile Corporation. On the day of the accident, five or six teen-age friends
of Gleitsman helped him load the truck and they accompanied him on his
route as they had on other occasions. The minor plaintiff and other young-
sters purchased ice cream being sold from the truck by Gleitsman's friends
while he remained in the driver's seat. Denise observed the boys engaging
in "horseplay" inside the truck when it arrived. Upon completion of sales
the operator called out from the driver's seat and asked if anyone wanted a
ride. Denise accepted the invitation. Although she had never been on the
truck before she had observed others riding on the truck. Accompanied by a
friend she sat in the truck on the "window shelf" with her legs dangling out-
side the vehicle. The boys inside the truck called them names and one of
them pushed the plaintiff from the moving truck which by then had moved
a distance of about twenty-five to thirty feet and had reached a speed of
about five miles an hour. Gleitsman stopped the truck within five to ten
feet. The plaintiffs concede that Denise Griffin was a gratuitous guest on
the defendant's truck. In these circumstances the defendants were liable
only for gross negligence. There was no evidence of gross negligence by the
defendants. *Bagley* v. *Burkholder,* 337 Mass. 246, 248. *Motta* v. *Mello,*
338 Mass. 170, 172. Moreover, the plaintiffs did not establish that Gleitsman
had authority to invite persons such as the minor plaintiff to ride on the
vehicle, *O'Leary* v. *Fash,* 245 Mass. 123; *Falden* v. *Crook,* 342 Mass. 173,
176–177 (child thrown from ice cream truck), or that the boys on the truck
were the agents of the defendant American Mobile Corporation. *Hollidge* v.
*Duncan,* 199 Mass. 121, relied on by the plaintiffs, is not applicable. The
judge correctly directed verdicts for the defendants.

*Exceptions overruled.*

*Irving Marmer* for the plaintiffs.
*James R. Brown, Jr.,* for the defendants.