MARY SMIDDY *vs.* JOHN O'NEIL.

Hampden.    September 17, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Gross, Invited person, Motor vehicle.

At the trial of an action of tort for personal injuries sustained while the plaintiff, a woman, was riding at night in an automobile driven by the defendant, when it collided with another automobile going in the same direction, there was evidence that the plaintiff had ridden with the defendant many times previously and knew him to be a good driver; that the defendant met her by appointment at her home and at her request drove her to two neighboring towns; that the accident happened on the return trip; that the defendant drove to the left of the center of the road, "zigzagging in and out," and forced a motor vehicle coming from the opposite direction off the road and toward a ditch; that the plaintiff then became frightened and asked the defendant either to "stop that kind of driving or [to] let" her out of the automobile; that the defendant paid no attention to her remonstrance or to her request, but continued zigzagging in and out until the accident; that, when he was about one hundred fifty yards away from the automobile with which he collided, the plaintiff called his attention to it; that he attempted to pass it on the right, although there was room to pass on the left and no motor vehicle was approaching from the opposite direction, and struck it with such force that it was "turned clearly around on a skid and anchored across the road"; that the defendant could have seen the other automobile if he had looked; and that the plaintiff did nothing to distract the defendant from the management of his motor vehicle.  The defendant testified that he was driving immediately before the collision at the rate of between forty and forty-five miles an hour.  The driver of the automobile which previously had been forced off the road by the defendant testified without objection "that the conduct of the defendant in so driving was the act of an irresponsible boy or a drunken driver."  *Held,* that the evidence warranted a finding that the accident was caused by gross negligence of the defendant and that a motion that a verdict for the defendant be ordered properly was denied.

TORT for personal injuries.    Writ dated August 22, 1930.

In the Superior Court, the action was tried before *Dillon,* J.    Material evidence is stated in the opinion.    The judge denied a motion by the defendant that a verdict be ordered

in his favor.   There was a verdict for the plaintiff in the sum of $1,500.   The defendant alleged exceptions.

The case was submitted on briefs.

*R. T. King,* for the defendant.

*J. F. Hartnett,* for the plaintiff.

RUGG, C.J.   The evidence in its aspect most favorable to the plaintiff would warrant the finding of these facts: The defendant, with his automobile which he drove, met the plaintiff by appointment at her home in Holyoke.   They had been acquainted for a good many years.   She had ridden with him on numerous, previous occasions and knew he was a good driver.   At her request the defendant in his automobile first drove with her to Hadley and then to Westfield.   On the return from Westfield to Holyoke, at a little after ten o'clock in the evening, the defendant drove to the left of the center of the road "zigzagging in and out" and forced a motor vehicle coming from the opposite direction and driven by one Alben off the road and toward a ditch.   Alben testified without objection that ·the defendant drove his car suddenly toward him and "that the conduct of the defendant in so driving was the act of an irresponsible boy or a drunken driver and . . . that he pursued the defendant's car because he knew that the defendant driving in that condition could never get to Holyoke and found it three-quarters of the way up the hill smashed into another car with quite a little force, considering it was going up a hill."   The plaintiff became frightened when the defendant forced the Alben car off the road and asked the defendant either to "stop that kind of driving or [to] let" her out of the automobile. The defendant paid no attention to her remonstrance or to her request, but continued zigzagging in and out of the road until he "smashed into a car driven by one Guenther traveling" in the same direction at the rate of about fifteen or eighteen miles an hour.   When about one hundred fifty yards away from the Guenther motor vehicle, the plaintiff said to the defendant: "Don't you see that car ahead of us?"   He gave no heed to that remark, although his "headlights were on and were all right" and the "tail

light of the Guenther car was on." The defendant attempted to pass the Guenther motor vehicle on his right hand side, although there was room to pass on the left and no motor vehicle was approaching from the opposite direction, and struck it with such force that it was "turned clearly around on a skid and anchored across the road." It was not raining and the defendant could have seen the motor vehicle with which he collided if he had looked. The plaintiff did nothing to distract the defendant from the management of his motor vehicle. The defendant testified that he was driving immediately before the collision at the rate of between forty and forty-five miles an hour. See G. L. c. 90, § 17.

This evidence, if found to be true, would warrant the further finding of gross negligence on the part of the defendant within the definition in *Altman* v. *Aronson*, 231 Mass. 588, 591, 592. The case falls within the authority of numerous, recent decisions illustrated by *Rog* v. *Eltis*, 269 Mass. 466, *Kirby* v. *Keating*, 271 Mass. 390, and *Meeney* v. *Doyle*, 276 Mass. 218. It is distinguishable from cases like *Cook* v. *Cole*, 273 Mass. 557, *McKenna* v. *Smith*, 275 Mass. 149, and *Laffey* v. *Mullen*, 275 Mass. 277.

The plaintiff might also have been found to be the guest of the defendant, although apparently he was driving her in his motor vehicle to places where she desired to go. Notwithstanding that circumstance, the defendant was liable to the plaintiff for injuries caused by his gross negligence. *West* v. *Poor*, 196 Mass. 183; affirmed in *Massaletti* v. *Fitzroy*, 228 Mass. 487, 489, 508, 510. *O'Leary* v. *Fash*, 245 Mass. 123, 124.

*Exceptions overruled.*