<hr/>

MARGARET LAMB *vs.* RAY J. B. RUSSELL.

DOROTHY BEULEY *vs.* SAME.

ALICE JONES *vs.* SAME.

EVELYN F. WRIGHT *vs.* SAME.

Middlesex.    March 3, 1936. — April 1, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Motor vehicle, Gross, In use of way.

Evidence that one, driving an automobile at the rate of between forty and forty-five miles per hour on a through way when there was practically no traffic, lost control of the automobile when he swerved to avoid collision with another automobile which "shot" out of a side street posted with a stop sign, as matter of law would not warrant a finding of his gross negligence.

FOUR ACTIONS OF TORT. Writs in the District Court of Newton dated December 28, 1934.

The actions were heard in the District Court by *Allen,* J., who found for the defendant in each action "as a matter of law." A report to the Appellate Division for the Northern District was ordered dismissed. The plaintiffs appealed.

*F. Juggins,* (*G. M. Heathcote* with him,) for the plaintiffs.

*R. J. Dunn & J. F. Lawton,* for the defendant, submitted a brief.

QUA, J. The plaintiffs were injured at about eleven o'clock on an October night while riding as the defendant's guests in an automobile driven by the defendant on Washington Street in Newton, by reason of the sudden appear-

ance of another automobile which came from the defendant's right into Washington Street from Eddy Street. It was agreed that "the liability question was identical" in all the actions. The sole issue is whether the judge rightly ruled that the evidence would not warrant a finding that the defendant was guilty of gross negligence.

The plaintiffs' case was this: Washington Street is a main thoroughfare. There is a "stop and enter" sign on Eddy Street for vehicles entering Washington Street from Eddy Street. There was no evidence that it was a blind corner. There was a curve in Washington Street as the defendant came toward Eddy Street. It was a frosty night. One of the plaintiffs warned the defendant about driving carefully before they entered the automobile. Some of the guests cautioned him just before the accident occurred. The defendant drove between forty and forty-five miles an hour. He did not slow down at intersecting streets, each of which had a "stop and enter" sign. As he got almost to the intersection with Eddy Street he saw another automobile "shoot out of Eddy Street." It was in the area of intersection at that time. It did not slow down or stop at the intersection, but came out of Eddy Street on the left hand side of the center of the road as it was going. It was only a few feet away when the defendant saw it. The defendant turned his automobile "sharp right to pass behind this car," coming close to the curb on Eddy Street. His automobile tipped up on two wheels. To avoid turning over he swung "sharp left" to the farther side of Eddy Street, struck the curb, and ten feet beyond struck and bent an iron electric light pole. His automobile turned over on its right side. If he had not "turned to the right to pass behind this car he would have gone right through it." The place of the accident was well lighted. The lights on the automobile coming out of Eddy Street were lighted. There was "practically no traffic." There were no visible marks to indicate that the defendant put on his brakes.

The case presented is that of a street corner accident in which either or both of the drivers could be found to have

been negligent, but we find in it no evidence tending to show that aggravated degree of culpability necessary to make out proof of gross negligence. The ruling was right. *McKenna* v. *Smith*, 275 Mass. 149. *Stetson* v. *Howard*, 284 Mass. 208. *Desroches* v. *Holland*, 285 Mass. 495, and cases cited. *Lynch* v. *Springfield Safe Deposit & Trust Co.*, *ante*, 170. The cases are distinguishable from *Dzura* v. *Phillips*, 275 Mass. 283, *Smiddy* v. *O'Neil*, 277 Mass. 36, and *Crowley* v. *Fisher*, 284 Mass. 205.

In each case the entry will be

*Order dismissing report affirmed.*