JOHN J. CURTIN *vs.* GEORGE A. BENJAMIN.

JOHN J. LOONIE, administrator, *vs.* SAME.

Suffolk.     February 8, 1940. — March 26, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Evidence*, Relevancy and materiality. *Practice, Civil*, Exceptions: general exception, whether error shown.

Evidence that immediately after a collision of automobiles travelling in opposite directions the left front tire of the automobile operated by the plaintiff was "very smooth" and had a large hole in it and none

of the other tires was "blown" was relevant on the issue whether the left front fender and wheel of that automobile struck the automobile operated by the defendant or whether the left rear side of the plaintiff's automobile was struck by the defendant's automobile.

A general exception to the admission of evidence competent for some purpose will not be sustained in the absence of any request by the excepting party to limit its use.

Two ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated April 30, 1937.

On removal to the Superior Court, the actions were tried together before *Brogna*, J.

*J. J. Mackin*, for the plaintiffs.

*J. W. White*, (*A. F. Bickford* with him,) for the defendant.

Cox, J. These are two actions to recover damages for personal injuries and death, tried with five other personal injury and property damage cases, arising out of the collision, on the evening of September 7, 1936, of an automobile travelling west, driven by the plaintiff Curtin, in which the other plaintiff's intestate was riding, and an automobile travelling east driven by the defendant. Whether the collision occurred on the north or south side of the road was in dispute, as was the location of a gouge mark in the vicinity of the center of the road. It was not in dispute that, after the collision, the Curtin automobile travelled in a generally westerly direction about one hundred twenty-five feet, swinging to the south side of the road where it came to rest against some trees entirely off the travelled portion of the way. The speed of the respective automobiles and the manner of collision were in dispute. The evidence introduced by the defendant was to the effect that, as his automobile was travelling at a speed of twenty-seven or twenty-eight miles an hour, the Curtin automobile swung out of line, came across the road and struck his automobile, the point of contact being between the left front fender and wheel of the Curtin automobile and the left front fender, wheel and whole left side of his automobile. The evidence in behalf of the plaintiffs was to the effect that, as the Curtin automobile was proceeding at the rate of twenty-eight to thirty miles an hour, the defendant's automobile turned out of line, came across the center of the road and struck the

Curtin automobile, turning it over, the point of contact being between the left side at the rear door of the Curtin automobile and the left front fender and wheel of the defendant's automobile. The jury found for the defendant and the only exceptions of the plaintiffs are to the admission of certain evidence.

There was evidence from witnesses who saw the Curtin automobile at the scene of the accident that the photographs introduced in evidence fairly represented it as it then appeared. See *Smith* v. *Gammino*, 225 Mass. 285, 286. For purposes of the case it is enough to say that the photographs show a flat tire on the left front wheel. After the collision, this automobile was towed to a garage, and there was evidence from the garage owner that the condition of the tires on the four wheels was the same on February 2, 1937, as it was on the evening of the collision, right after the automobile had been towed to the garage. An expert was permitted to testify, over the plaintiffs' exception, that the tires were "smooth, very smooth; no treads on the tire; especially the tire that was on the left front; that was very very smooth."[*] He also testified that the tire was "blown," but this testimony was, at that point in the trial, struck out. The witness was then asked to describe the tire "rather than by saying it was blown. Was there any air in the tire?" He answered: "No." He then was asked if he could tell what else there was about the tire in addition to its being smooth, and, over the objection and exception of the plaintiffs, was allowed to testify that it had a big hole in it. In answer to the question: "Is that what you refer to that was blown?" he answered, without objection, "Yes." The plaintiffs also excepted to the question whether any other tire was "blown," to which the witness answered: "No, sir." The record does not disclose whether the owner of the Curtin automobile brought suit to recover for his damages.

We are of opinion that there was no reversible error in permitting the expert to testify as to the condition of the

---

[*] This witness also testified, without objection, that his examination of the automobile was on February 2, 1937, and that the car shown in the photographs "looks exactly like the car he was describing." — REPORTER.

tires on February 2, 1937, when he said he examined them. We do not intimate, however, that this was a subject matter requiring expert testimony. The jury could have found that the condition of the tires when examined was the same as it was at the scene of the collision. *Cutter* v. *Hamlen,* 147 Mass. 471, 476. *Miller* v. *North Adams,* 182 Mass. 569, 571. Compare *Leslie* v. *Glazer,* 273 Mass. 221, 224, 225. Furthermore, there was no direct evidence that there had been any change in the condition of the tires. *Toland* v. *Paine Furniture Co.* 179 Mass. 501, 504, 505. *Droney* v. *Doherty,* 186 Mass. 205. *Boyd* v. *Taylor,* 207 Mass. 335, 337. See *McGrath* v. *American Express Co.* 219 Mass. 314, 317.

It is the usual practice to admit evidence of the condition of automobiles and other instrumentalities in the trial of cases arising out of collisions in which they are involved. Such evidence has been said to be admissible as tending to throw some light upon how the collision occurred. *Dixon* v. *Wood,* 81 N. H. 325. "Ordinarily the exterior indications of the point of contact of two colliding vehicles would be likely to furnish a jury with grounds on which they, without aid, might draw all justifiable inferences as to the angle of incidence of the vehicles at the time of the impact and the portions thereof first in contact." *Jackson* v. *Anthony,* 282 Mass. 540, 544. *Lenehan* v. *Travers,* 288 Mass. 156, 159. In the case at bar, where the evidence was so contradictory as to the point of collision, any relevant physical facts shedding light upon the question were important, and we think that it was within the province of the jury to take into account the damaged condition of the left front tire on the Curtin automobile, as tending to show that it was the left front wheel and left front fender of this automobile that came in contact with the defendant's automobile, rather than that the point of contact was as testified to by the plaintiffs' witnesses. The jury could make use of their experience, and it was for them to say whether the inference was warranted that the damage to the left front tire of the Curtin automobile occurred at the time of the collision. See *Commonwealth* v. *Hagan,* 170 Mass. 571; *Olson* v. *Wetzstein,* 58 N. D. 263, 267, 268; *Healy* v. *Moore,* 108 Vt. 324.

It is true, as the plaintiffs contend, that the record is silent as to any noise that might be expected from the blowout of a tire, and that nothing appears as to the likelihood of smooth tires to blow out or break, and also that there is a possibility that the blowout may have resulted after the collision and while the Curtin automobile was travelling about one hundred twenty-five feet. Although the speed of the respective automobiles was in dispute, the bill of exceptions does not disclose the nature of that dispute. The fact of a dispute as to the speed of the Curtin automobile would seem to indicate that at the trial that speed was material. The bill of exceptions states in one place that the defendant's automobile struck the Curtin automobile, turning it over, and, in another place, that the Curtin automobile travelled about one hundred twenty-five feet after the collision and came to rest against some trees entirely off the travelled part of the way. The position of the Curtin automobile as it travelled this distance is not clear, but, in any event, it cannot be said that the condition of the tire was not admissible on the question of speed when taken in connection with the distance the automobile travelled and where it stopped. *Goodale* v. *Hathaway*, 149 Ore. 237.

The plaintiffs contend, however, that the evidence was prejudicial in that the jury could have inferred from it that the blowout occurred before the collision and that it caused the Curtin automobile to deviate from its course and cross the center of the road, colliding with the defendant's automobile on its right side of the road. But it does not appear that the plaintiffs asked the judge to limit the evidence, and, under the familiar rule, if it was competent for any purpose, a general exception to its admissibility cannot be sustained. "If competent for any purpose, it is not rendered incompetent by the fact that it also has a tendency to influence the mind in another direction, for which alone it would not be competent." *Hubbard* v. *Allyn*, 200 Mass. 166, 171, and cases cited. *Commonwealth* v. *Bagdasarian*, 257 Mass. 248, 249. It cannot be said upon this record that the evidence was not offered in good faith, see *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480, 483, and the ground upon which it

was admitted does not appear and no request was made to limit its use. *Irwin* v. *Worcester Paper Box Co.* 246 Mass. 453, 456.

Furthermore, although the charge is not reported, we must assume that the judge adequately instructed the jury as to the relevancy and applicability of the evidence in question. *Rome* v. *Johnson,* 274 Mass. 444, 452. The burden was upon the plaintiffs, as the excepting parties, to show error. *Posell* v. *Herscovitz,* 237 Mass. 513, 516–517, and cases cited.

*Exceptions overruled.*