ALICE SMITH *vs.* LAWRENCE MURPHY.

Worcester.   December 10, 1942. — January 26, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Gross, Motor vehicle, Use of way.

Evidence, that the operator of an automobile drove at excessive speed past the front of a truck having the right of way at an intersection and then looked back over his shoulder at the truck while the automobile veered to the left of the road across the path of and close to an approaching bus and ran over the sidewalk into an embankment, warranted a finding of gross negligence on his part.

TORT. Writ in the District Court of Leominster dated December 2, 1939.

Upon removal to the Superior Court, the action was tried before *Spalding*, J.

*M. C. Jaquith*, for the plaintiff.

*G. R. Stobbs & L. E. Stockwell*, for the defendant, submitted a brief.

RONAN, J.    This action of tort is here upon exceptions of
the plaintiff to the action of the judge, under leave reserved,
in setting aside a verdict in her favor and ordering the en-
try of a verdict for the defendant.    The only question pre-
sented is whether the evidence was sufficient to warrant a
jury in finding that the defendant was guilty of gross neg-
ligence.

The jury could find that the accident that caused the
injuries to the plaintiff occurred in the following manner:
The plaintiff was travelling westerly along Mechanic Street,
in Leominster, on a pleasant afternoon in March, 1939, in
an automobile operated by the defendant when, as they
approached the intersection of Sixth Street, they saw on
their right a large oil truck, which was travelling southerly
on Sixth Street, stop a little north of the intersection and
then continue a few feet over the intersection and again
stop with the front of the truck in Mechanic Street.    The
defendant was proceeding at thirty-five to forty miles an
hour when he was about one hundred feet from Sixth Street.
He was watching the truck and was told by the plaintiff to
be careful or they would be killed.    The defendant increased
his speed to fifty miles an hour as he reached the intersec-
tion, and he looked at the truck and remarked, in referring
to the driver of it, "Why in Hell don't you make up your
mind?"    He continued to look back over his shoulder at
the truck after he passed it and as the automobile was go-
ing to the south, across the street, where it went up over
the southerly sidewalk, upon which there were three pedes-
trians.    It struck one of them, and, after knocking off a
large piece of a retaining wall, came to a stop with its front
resting upon the grass embankment which sloped upwards
from the top of the retaining wall.    The operator of a pas-
senger bus, which was proceeding easterly along Mechanic
Street, saw the defendant's automobile approaching and
drove the bus to the southerly side of the street and stopped
a short distance westerly of Sixth Street.    The defendant's
automobile slewed across the street and was about eight
feet away as it passed across the front of the bus.

The jury could find that the defendant, instead of dimin-

ishing his speed and giving the right of way to the oil truck which had already entered the intersection from his right when he was about one hundred feet away, increased his speed, notwithstanding the warning of the plaintiff, to such an excessive rate that he caused both the operator of the oil truck and the operator of the passenger bus to stop for their own safety; and that, after succeeding in his attempt to pass ahead of the truck, he looked back at it while he turned his automobile sharply to the left, thus losing control of the automobile, which continued a short distance and then landed against the retaining wall and the embankment. It could be found that he thoughtlessly created a situation fraught with danger and voluntarily incurred an obvious risk to life and limb, and that then, while pursuing his perilous course, he heedlessly diverted his attention from the operation of the automobile. We think it could have been found that the defendant was indifferent to the duty that he owed to the plaintiff as his guest, and that his conduct manifested that degree of culpability essential to gross negligence. *Altman* v. *Aronson,* 231 Mass. 588. *Meeney* v. *Doyle,* 276 Mass. 218. *Crowley* v. *Fisher,* 284 Mass. 205. *Colby* v. *Clough,* 301 Mass. 52. *O'Neill* v. *McDonald,* 301 Mass. 256. *White* v. *Lewis,* 305 Mass. 450.

It follows that the exceptions are sustained and judgment is to be entered on the verdict returned by the jury.

*So ordered.*