Coos,
Apr. 26, 1952. } No. 4110.

MABEL DUPUIS *v.* ANNIE C. WOODWARD.

*Arthur J. Bergeron* for the plaintiff, filed no brief.

*Hinkley & Hinkley* (*Mr. Walter D. Hinkley* orally), for the defendant.

BLANDIN, J. It is agreed that the only question before us is whether the plaintiff's right of action is barred by *art.* 2262 of the Civil Code of the Province of Quebec which reads as follows: "2262 . . . The following actions are prescribed by one year: . . . 2. For bodily injuries, saving the special provisions contained in article 1056 and cases regulated by special laws." It is undisputed that the present action does not fall under *art.* 1056 or any special laws mentioned above. As bearing on the interpretation of the provision in question, *art.* 2267 of the Civil Code provides: "2267. In all the cases mentioned in article . . . 2262 the debt is *absolutely extinguished* and no action can be maintained after the delay for prescription has expired." (Emphasis supplied). It is well established that "if by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period of limitation has elapsed, no action begun after the period has elapsed can be maintained in any state." Restatement, Conflict of Laws, *s.* 605. Our decisions indicate that this jurisdiction follows this principle. *Connecticut &c. Co.* v. *Railroad,* 78 N. H.

553, 556. It appears clear to us that by *art.* 2262 the plaintiff's right of action was absolutely extinguished in the Province of Quebec, where it was created, after one year from the date of the accident, and such has been the interpretation placed on this provision by Quebec decisions. *Dupuis* v. *Canadian Pacific Railway Co.*, 12 C. S. 193; *Regent Taxi & Transport Co.* v. *Maristes Freres*, [1932] 2 D. L. R. 70, A. C. 295. The Supreme Court of Vermont has similarly construed *art.* 2262. *Tarbell* v. *Grand Trunk Railway Co.*, 94 Vt. 449, 452; *Osborne* v. *Grand Trunk Railway Co.*, 87 Vt. 104.

Since by Quebec law, which under our interpretation of *art.* 2262 concededly governs this case, the plaintiff's right of action was extinguished before her suit was brought, it follows that the Trial Court's order of dismissal was proper.

*Judgment for the defendant.*

LAMPRON, J., did not sit: the others concurred.