GEORGE H. NILAND, JUNIOR, *vs.* DONALD COX & another.

Suffolk.    May 6, 1957. — June 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Gross, Motor vehicle.

Evidence that after drinking twelve or thirteen glasses of beer during an evening the operator of an automobile, while driving at a "constant" speed of from forty-five to fifty miles per hour along a wet, poorly lighted street with which he was not familiar and which had several intersections and ended at a cross street, momentarily looked toward the back seat, whereupon the automobile hit the farther curbstone of the cross street and a guest therein was injured, warranted a finding of gross negligence on the part of the operator.

TORT. Writ in the Superior Court dated May 24, 1949. The action was tried before *Collins*, J.

*Robert R. Clark,* for the plaintiff.

*Walter F. Henneberry, (Arthur L. Brown* with him,) for the defendants.

WILLIAMS, J.   This action is to recover for personal injuries received by the plaintiff while a guest passenger in an automobile owned by the defendant Cox and operated by the defendant Moran.   A verdict for the plaintiff was returned against each defendant.   The judge under leave reserved entered verdicts for the defendants, and the plaintiff excepted.   His exceptions having been lost by failure to comply with certain procedural requirements, the question of the correctness of the action of the judge in entering the verdicts is submitted to us on report.

There was evidence that about 8:30 P.M. on April 24, 1949, Cox accompanied by Moran, the plaintiff and one Tully drove from West Roxbury, where all four lived, in Cox's automobile, a two door sedan, to a social club in Cambridge. They remained there three hours, during which time all drank beer.   Moran according to the plaintiff consumed twelve or thirteen glasses.   On leaving for home Moran operated the automobile at the request or with the consent of Cox and the plaintiff sat beside him in the front seat. Moran drove through Pearl Street which runs from Central Square in the direction of the Charles River and Cottage Farm Bridge.   Moran was not familiar with the street which was poorly lighted and had several intersections. The plaintiff testified that the pavement was wet from a recent rain and that for a distance of one half mile Moran, although told by the plaintiff that he was going too fast, drove at a "constant" speed of from forty-five to fifty miles per hour.   It appeared that Pearl Street did not continue through to Memorial Drive, the road which skirts the river on the Cambridge side, but ended at a cross street called Granite Street.   The plaintiff, in his testimony, said that while looking ahead he saw the farther curb of Granite Street ten or twelve feet away; that he said, "'Look out' and spontaneously turned to look at Moran and observed him looking toward the back seat of the car.   By the time

Moran swung his head around and before he had a chance to apply the brakes, the car hit the curbstone." The plaintiff was thrown against the windshield with sufficient force to shatter the glass and was injured.

The case presents the question whether there was sufficient evidence to warrant a finding that Moran was grossly negligent. Testimony by other occupants of the automobile was that Moran drank only three or four glasses of beer; that the road was not wet; that the speed of the automobile was only about twenty miles per hour; that the wheels of the automobile did not go up over the curb; and that they did not see Moran look back. The plaintiff himself on cross-examination said that he "guessed Moran's head was just turned toward the back and his body to the front, just making an aside to the back seat, a remark over his shoulder."

Although uncorroborated the credibility of the plaintiff's testimony was for the jury. Moran's inattention, while momentary, was to be considered in connection with the continuous speed he maintained along an unfamiliar street, the possibility of danger from some obstruction to travel, and the probable effect upon the plaintiff of the beverage consumed.

We think the case falls within the class illustrated by *Granger* v. *Lovely*, 302 Mass. 504, 507, *Haggerty* v. *Sullivan*, 301 Mass. 302, 304, *Smith* v. *Murphy*, 313 Mass. 68, 70, and *Hallett* v. *Rimer*, 329 Mass. 61, 62–63, and that the verdicts for the plaintiff should stand.

*Verdicts under leave reserved set aside.*

*Judgments to be entered for the plaintiff on the verdicts returned by the jury.*