JOHN FRANCIS BAGLEY *vs.* RALPH J. BURKHOLDER.

Norfolk. February 4, 1958. — April 4, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence*, Gratuitous undertaking, Gross, Motor vehicle. *Evidence*, Judicial notice.

Evidence in an action for personal injuries that while the plaintiff was attempting to disconnect a tractor from a trailer the defendant at his request operated the tractor forward and backward to loosen the locking bar until the plaintiff called "Hold it" and stepped in front of the rear wheel of the tractor to grasp the bar, whereupon the defendant started the tractor forward and ran over the plaintiff's leg, did not warrant a finding of gross negligence on the part of the defendant toward the plaintiff. [248]

In an action for personal injuries between two truck drivers employed by different employers, evidence that when the plaintiff and the defendant were at work at a truck terminal the defendant, not in the course of his employment but merely to assist the plaintiff in closing the doors of a trailer, connected a tractor to the trailer and moved it a short distance and then returned it to its former position, and that

while the plaintiff was attempting to disconnect the tractor from the trailer the defendant started the tractor forward and ran over the plaintiff's leg, showed only a gratuitous undertaking of the defendant solely for the benefit of the plaintiff still in progress when the accident occurred, so that proof of gross negligence on the part of the defendant was required for recovery by the plaintiff against him, even if the defendant assisted the plaintiff in the hope of receiving similar assistance at some future time. [248–249]

Judicial notice cannot be taken of any custom among truck drivers to help one another in certain situations. [250]

TORT. Writ in the District Court of East Norfolk dated October 4, 1955.

Upon removal to the Superior Court, the action was tried before *O'Connell,* J., who denied a motion by the defendant for a directed verdict. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*Salvatore F. Stramondo,* for the defendant.

*Joseph Schneider & Norman M. Goldberg,* for the plaintiff, submitted a brief.

CUTTER, J. The plaintiff on January 14, 1955, was a truck driver employed by Peerless Motor Lines (hereinafter called Peerless). The defendant was employed by Hartmann, Inc., as a driver. Both the plaintiff and the defendant were on the premises of a truck terminal engaged in the business of their respective employers. At the terminal, Peerless then had a trailer backed up to a loading platform with no tractor attached. "It was the plaintiff's duty to close the rear doors of this . . . trailer and lock them for the night. In order to do this it was necessary to move the trailer a short distance away from the platform to allow the . . . doors to be closed and then, after . . . locking the doors, to return the trailer to its original position. Someone asked the defendant to connect the defendant's tractor to this trailer and move it . . . so that the doors could be . . . locked. The defendant did this and the plaintiff . . . after the defendant had backed the trailer into its original position, reached into the area where the tractor was connected with the trailer . . . to disconnect the two vehicles. The disconnecting bar would not move readily and, as was

standard practice under such circumstances, the plaintiff asked the defendant to jerk his tractor . . . back and forth . . . to loosen the locking mechanism . . .. This operation was conducted at the direction of the plaintiff who instructed the defendant to back up and go ahead alternately. The plaintiff then called out 'Hold it,' stepped in front of the rear wheel of the tractor and started to grasp the locking bar . . .. At this moment the defendant, without further direction from the plaintiff, started his tractor forward and ran over the leg of the plaintiff . . .. It was no part of the employment of the defendant to move this trailer."

The jury found for the plaintiff. The defendant's bill of exceptions presents only the question whether the trial judge should have allowed the defendant's motion, seasonably presented, for a directed verdict.

1. There was here no evidence which would warrant a finding of gross negligence, which must be based on conduct of the defendant amounting to an "aggravated degree of culpability." See *Lamb* v. *Russell*, 294 Mass. 203, 205; *Polcari* v. *Cardello*, 316 Mass. 421, 423; *Rosario* v. *Vasconcellos*, 330 Mass. 170, 172–173; *Belina* v. *Pelczarski*, 333 Mass. 730, 733; *Sutherland* v. *Scardino*, 334 Mass. 178, 182. Compare *Niland* v. *Cox*, 336 Mass. 169, 171; *Doherty* v. *Spano*, 336 Mass. 576, 578. Recovery can be had here only if the evidence warranted the jury in finding that the relationship between the plaintiff and the defendant was such as would permit the plaintiff to recover upon a showing of ordinary negligence. We consider the case upon the assumption that the evidence of the defendant's disregard of the plaintiff's instruction, "Hold it," would have warranted a finding of ordinary negligence.

2. Upon the Massachusetts authorities, when A enters upon a gratuitous undertaking for the benefit of B, the duty of care which A owes to B is only the duty to refrain from gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487, 508–510. *Ruel* v. *Langelier*, 299 Mass. 240, 242. *Donahue* v. *Kelley*, 306 Mass. 511, 513–514. *Welts* v. *Caldwell*, 331

Mass. 499, 500–501. However, B, the recipient of the benefit, owes to A the duty of exercising ordinary care for A's safety. See *Taylor* v. *Goldstein,* 329 Mass. 161, 165, and cases cited.

There is plainly no merit to the present plaintiff's contention that he was conferring a benefit upon the defendant by helping to disengage the tractor. The evidence shows that the defendant was engaged in doing an act which "was no part of the employment of the defendant." It was solely for the benefit of the plaintiff that the defendant attached Hartmann, Inc.'s tractor to Peerless's trailer and conducted the moving operation. That operation had not finished and was still in process. The attachment, originally undertaken to assist the plaintiff, continued to be for the plaintiff's benefit, and not for the benefit of the defendant until safe disengagement of the vehicles had been completed. See *Ruel* v. *Langelier,* 299 Mass. 240, 242.

Cases like *Taylor* v. *Goldstein,* 329 Mass. 161, 165, where a passenger in a vehicle was conferring a benefit upon the driver wanting in ordinary care, or where a plaintiff was conferring a benefit upon a defendant guilty of ordinary negligence, are to be distinguished. See *Thomas* v. *Fritz,* 318 Mass. 622, 624–625. Compare *Lepri* v. *Levy,* 315 Mass. 105, 107; *Roy* v. *Bacon,* 325 Mass. 173, 175; *Howes* v. *Kelman,* 326 Mass. 696, 698–699; *Hanlon* v. *White Fuel Corp.* 328 Mass. 455, 458–459.

The plaintiff argues that the jury might "have reasonably inferred that the defendant assisted the plaintiff, not because of any personal kindheartedness, but because there was a deep-rooted custom among truck drivers to help each other . . . in such situations" and in the lively hope of obtaining, in the future, similar assistance from the plaintiff or other drivers. It is suggested that this made the assistance non-gratuitous. It has been said that to "impose liability for ordinary negligence, it is only necessary for a jury to find some business advantage to the defendant" from the apparently gratuitous undertaking. See *Beaulieu* v. *Lincoln Rides, Inc.* 328 Mass. 427, 428–429 (advertising business

purpose of, and benefit to, owner of amusement device in giving nonpaying customer free ride allowed customer to recover from owner of device for injury upon showing ordinary negligence). In the present case no immediate advantage to the defendant of his helpful action was shown by the evidence. We think that to bring a situation like this within the principle of the *Beaulieu* case, more than a conjectural future benefit to the defendant from his gratuitous act of helpfulness must be shown. No proof was made of any relevant trade custom of truckers. If such a custom exists, it is not a matter of which we may take judicial notice. *Sluzis's Case*, 292 Mass. 351, 354. See *Duarte, petitioner*, 331 Mass. 747, 749–750. Compare *Carson* v. *Boston Elevated Railway*, 309 Mass. 32, 36–37; *Opinion of the Justices*, 333 Mass. 773, 780.

There is nothing to take the present case out of the principle established by *Ruel* v. *Langelier*, 299 Mass. 240, 242, and similar cases. A verdict should have been directed for the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*