ELLA SHEPARD & another *vs.* GEORGES E. ROUSSEL. November 3, 1960. Exceptions overruled. Mrs. Shepard was injured when the defendant's automobile in which she was riding ran into the rear end of another automobile demolishing its trunk and gasoline tank and perhaps splitting its chassis. Her husband seeks consequential damages. Verdicts for the defendant under leave reserved were entered after the jury returned verdicts for the plaintiffs. We assume without deciding that Mrs. Shepard was not engaged in a common employment with the defendant but was his guest who could recover from him if she proved his gross negligence. See *Motta* v. *Mello,* 338 Mass. 170, 172. It could have been found that the defendant had been drinking, seemed "in a fog," and failed to heed warnings to stop just before the collision. The accident, however, occurred on a private driveway only a short distance from the point where Mrs. Shepard had entered the automobile and a brief time after the automobile had started to move. Mrs. Shepard estimated that the defendant's speed had become "a little higher than thirty-five miles per hour at the time of impact." The aggregate of any negligent acts on the defendant's part could not be found to involve such an "aggravated degree of culpability" (see *Bagley* v. *Burkholder,* 337 Mass. 246, 248) or to have been so long continued, serious, deliberate, and persistent as to constitute gross negligence. See *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 171–172; *Bruno* v. *Donahue,* 305 Mass. 30, 32–36; *Lalumiere* v. *Miele,* 337 Mass. 339, 340–341. Cf. *Niland* v. *Cox,* 336 Mass. 169, 170–171; *Pistorio* v. *Williams Buick, Inc., ante,* 155, 157–158.

*John J. O'Connell,* for the plaintiffs.
*Francis H. George,* for the defendant.

ROBERT J. GRIFFIN *vs.* ROBERT DAVIS. November 3, 1960. Exceptions overruled. This is an action of tort for injuries sustained by the plaintiff on April 18, 1948, while riding as a guest in an automobile operated by the defendant. The jury found for the plaintiff. The case comes here on the defendant's exceptions to the denial of his motion for a directed verdict and to certain rulings on evidence. We are of opinion that the evidence warranted a finding of gross negligence on the part of the defendant. We are also of opinion that the rulings on evidence of which the defendant complains reveal no error. A discussion of them would add nothing to our law.

*Paul L. Hinckley,* for the defendant.
*Paul V. Rutledge,* for the plaintiff.

BARBARA L. RICHARDSON, executrix, *vs.* JOSEPH A. HOWARTH & another. November 3, 1960. Order for judgment affirmed. In this action of contract to recover for goods and materials furnished and labor performed, the trial judge ordered judgment entered for the plaintiff upon the report of an auditor whose findings of fact were to be final. There was no error. The auditor's findings that the original plaintiff gave an estimate merely as an opinion and did not undertake to furnish labor at a price not in excess of $750 were conclusive and not affected by any alleged errors of law as contended by the defendants.

*Arthur J. De Fusco,* for the defendants.
*John J. Griffin,* for the plaintiff.