**Howard G. DINDO, Plaintiff, Appellant,**

v.

**Harold O. WHITNEY, Appellee.**

**No. 7548.**

United States Court of Appeals, First Circuit.

July 13, 1970.

Roger B. Phillips, Concord, with whom Maynard, Dunn & Phillips, Concord, was on brief, for appellant.

John E. Gormley, Lancaster, with whom Gormley & Calamari, Lancaster, was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff, a resident of Vermont, and defendant, a resident of New Hampshire, agreed to go on a hunting trip in northern Maine. Plaintiff drove from his home to defendant's, and later, plaintiff driving defendant's car, they proceeded through the Province of Quebec en route to Maine. While in Canada they went off the road. Plaintiff brought a diversity action in the District Court for the District of New Hampshire for negligence, claiming that defendant physically interfered with the steering wheel. Under Quebec law the statute of limitations had run at the time of suit, whereas the New Hampshire and Vermont periods for a personal injury suit had not ended. Defendant pleaded the Quebec statute and the court, without opinion, dismissed the action. Plaintiff appeals.

In Dupuis v. Woodward, 1952, 97 N.H. 351, 88 A.2d 177, the New Hampshire court, in a similar automobile tort case, held that the action was barred by the Quebec statute of limitations, which decision—if still viable—indicates affirmance here. We conclude that Clark v. Clark, 1966, 107 N.H. 351, 222 A.2d 205,

has implicitly overruled *Dupuis* insofar as that case suggests a different result here.

In *Clark*, a New Hampshire couple, driving from their home to another part of New Hampshire, were passing through Vermont, when they had an accident. Mrs. Clark sued Mr. Clark for injuries allegedly caused by his negligent driving. Under Vermont law a guest could not recover unless he could prove gross negligence; in New Hampshire simple negligence was enough. The New Hampshire court held that the New Hampshire rule was to be applied since New Hampshire, not Vermont, had the primary interest in determining whether liability as between its citizens should be limited by a guest statute. In so holding, the court took a considered and substantial step, abandoning the "vested rights" view of conflict of laws problems, which, in tort cases, relied principally on the "place of the wrong," in favor of an ad hoc approach based on various policy considerations.

Viewing the considerations set forth in *Clark*, we are satisfied that the New Hampshire court would apply the New Hampshire statute of limitations in the instant case. The parties involved have only the most fortuitous relation to Quebec. Quebec's only interests underlying its statute of limitations are to protect its own citizens, and possibly its own courts, from "stale" claims. Application of the Quebec limitation period here furthers neither Quebec interest, but would frustrate New Hampshire's interests to some degree, for New Hampshire has said that its citizens should be suable and its courts open for a period long enough to permit this plaintiff's claim. To the extent that Dow v. Larrabee, 1966, 107 N.H. 70, 217 A.2d 506, might be thought to suggest a different result, we consider that *Dow's* adherence to the "place of wrong" rule was accompanied by a revealed receptivity to the significant contact rule, which thereafter matured in *Clark*. See, *Clark*, ante, at 353, 222 A.2d 205. In the light of *Clark* we are satisfied that the New

Hampshire court would find that the interest of Quebec in whether this particular cause of action continued beyond the Quebec expiration was minimal and need not control. *Cf.* Babcock v. Jackson, 1963, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279.

We attach no weight to the fact that under the Quebec statute plaintiff's cause of action had been "extinguished." In *Clark*, the court ignored the fact that by a strict application of the law of the situs, the cause of action never even "arose." Nor are we moved by defendant's contention that in *Clark* the parties were husband and wife. While the court said that it would look to the importance of the "particular issue being litigated," 107 N.H. at 354, 222 A.2d 205, it expressly rejected such categorization as the test for determining choice of law.

Since the point has not been argued we do not pass on the question whether this suit, as a second action between the parties, may have been in violation of F.R.Civ.P. 13(a).

The judgment of the District Court is vacated, and the case is remanded for further proceedings not inconsistent herewith.