*Western District*

No. 201485

**WALTER P. PLESZ**

v.

**CHARLES RAYMOND and
SAUNDERS BOAT LIVERY, INC.**

Argued: April 21, 1971 Decided: April 26, 1971

Case tried to: *Walsh, J.*, in the District Court of Springfield No. 201485.

*Present:* Garvey, P.J., Sloan and Dudley, JJ.

**Garvey, P.J.** In this action of tort the plain-

tiff seeks to recover damages from the defendants,[1] in counts alleging negligence, gross negligence and wilfull, wanton and reckless conduct. After a trial there was a finding for the defendants. The plaintiff, claiming to be aggrieved by the judge's action on his requests for rulings of law, the case was reported. There was no error.

The judge made the following findings:

"This is an action of tort for property damage to the boat and trailer of the plaintiff. While the defendant, Charles Raymond, was towing the boat and trailer with a Jeep owned by the defendant, Saunders Boat Livery, Inc., the hitch became unhooked, the safety chains unsnapped and the plaintiff's boat and trailer sustained extensive damage.

"On the morning of the accident, (time and date not stated in the report) the plaintiff's boat had been seen partially submerged at its mooring in Congamond Lakes (located in Southwick, Massachusetts) by one Miss Martin, (a friend of the plaintiff's). There had been vandalism in the area. Miss Martin called Raymond (a defendant and also a friend or acquaintance of the plaintiff) and asked him to help her get the boat out of the water. After certain preliminaries and getting the boat on its trailer, Raymond attempted to pull the boat

---

[1] At the argument the plaintiff waived his claim against the defendant, Saunders Boat Livery, Inc.

and trailer out of the lake with his Corvair but was unable to. He went over to the place of business of the defendant, Saunders Boat Livery, Inc., and borrowed its Jeep from an employee. After successfully pulling the boat from the lake he continued on to tow the boat and triler to a safer location at the other end of the lake. Although he had tested the hitch and found it to be snug and also attached the safety chains, in some manner the accident happened. (The reported evidence indicates that the trailer and boat struck a tree)

"The plaintiff knew nothing of the accident until notified of it later. Miss Martin and Raymond were merely friends and/or acquaintances who knew his boat by sight and were trying to do him a good turn when they saw it had been vandalized.

"I find that the defendant, Raymond, was not grossly negligent nor wilful, wanton or reckless nor negligent and therefore not liable. And although not material at this point I further find that defendant, Raymond, was not a person for whose conduct the defendant, Saunders (Saunders Boat Livery, Inc.) was legally responsible."

We think the issues raised in this appeal do not merit extended discussion.

The defendant Raymond was performing a gratuitous service for the plaintiff and would be only liable for gross or intentional negli-

gence. *Bagley* v. *Burkholder,* 337 Mass. 246, 248. There wasn't a scintilla of evidence, in his operation of the jeep that he committed any of the common indicia of gross negligence — deliberate inattention, impatience, voluntarily incurring an obvious danger or persistence in a negligent course of conduct over an appreciable period of time. *Smiddy* v. *O'Neil,* 277 Mass. 36. *Nevanranta* v. *Koski,* 335 Mass. 760. *Shepard* v. *Roussel,* 341 Mass. 730. Neither was there any evidence that he deliberately or intentionally struck the tree. *Freeman* v. *United Fruit Co.,* 223 Mass. 300, 302. All of the plaintiff's seventeen request for rulings of law were made inapplicable by the judge's detailed findings and therefore properly denied.

**The report is to be dismissed.**

Lee and Pollard
of Westfield for the defendant Charles Raymond

Bulkley, Richardson, Ryan and Burbank
of Springfield for the defendant, Saunders Boat Livery, Inc.

Bacon, Weltman and Cohen
of Springfield for the plaintiff.