BOUDIN, Chief Judge, and SELYA, Circuit Judge, Concurring.
The present facts, taking the version most favorable to MAFCO as the nonmov-ing party, lie partway between preexisting Massachusetts cases which point in different directions.
In Bagley v. Burkholder, 337 Mass. 246, 149 N.E.2d 143 (1958), the mis en scene was work related, but the truck driver who *65 moved a truck as a favor to a rival driver acted gratuitously and without any reason to expect future benefits. By contrast, in Beaulieu v. Lincoln Rides, Inc., 328 Mass. 427, 104 N.E.2d 417, 418 (1952), the “free rides” were part , of the amusement park’s business, and the car salesman in Foley v. McDonald, 283 Mass. 96, 185 N.E. 926 (1933), who drove the plaintiffs home to demonstrate the features of the new car he hoped to sell them, was surely doing so for purposes of selling the car and not as a gesture of kindness.
Our own situation has the look and feel of a business context but without the immediate benefit of enticing visitors into the amusement park or giving a specific sale a push in the right, direction, as in the car salesman case. If Creel did as claimed by MAFCO, he probably was building good will for future business, but perhaps also there was a measure of friendly accommodation in his efforts.
This is not an area in which the rationale of the Good Samaritan rule makes it easy to resolve close cases. If MAFCO were concerned solely with whether the negligently performed gesture had occurred without any payment or promise of remuneration, MAFCO’s claim would fail; but Foley and Beaulieu refute so narrow a reading. They show that Massachusetts aims to protect a truly disinterested Good Samaritan but takes a more skeptical view in a business context when there is some prospect of recompense. Bagley shows that the benefit cannot be too speculative, but how much is too much is open to debate.
The strongest argument for Creel is Justice Cutter’s statement in Bagley that to move from gross negligence to a negligence standard, “more than a conjectural future benefit to the defendant from his gratuitous act of helpfulness must be shown.” 149 N.E.2d at 146. If taken literally, this general statement could doom MAFCO’s claim since no evidence exists that Creel had some concrete or immediate hope of gain from any apple-polishing efforts. But ■ the quoted language goes well beyond the facts of Bag-ley, where the supposed benefit (through reciprocity) was nearly imaginary.
Against Justice Cutter’s generalization must be weighed the emphasis in the Massachusetts cases on the purpose of the supposed gratuitous act. If Creel had merely offered a recommendation of a substitute appraiser, this would look enough like the kind of referral that he might do for anyone, regardless of the prospect of future business. But crediting (for the moment) MAFCO’s further allegations that Creel reviewed the completed appraisal and made modifications of his own, the scene is one in which a reasonable jury might conclude that efforts of this kind are not typical of “personal kindheartedness,” Bagley, 149 N.E.2d at 145, and that they bespoke an expectation of further custom for Creel that the jury might find adequate.
Arguably, such a close problem of law application ought be left to Massachusetts juries. One would hope for instructions that gave the jury some guidance as to the variables; but community attitudes may have some role in shaping the law in a case like this one. Cf. Dalis v. Buyer Adver., Inc., 418 Mass. 220, 636 N.E.2d 212, 214 (1994). One further argument for this course is that factual nuances as to the extent of the effort by Creel, and the extent of expectations for future benefit, could have a bearing on the outcome.
The case before us poses what is essentially an open question under Massachusetts law. Apparently, neither party in the district court sought -to certify the issue to the Massachusetts courts, and there are no special circumstances (e.g., *66 Pyle v. S. Hadley Sch. Comm., 55 F.3d 20, 22 (1st Cir.1995)) that would warrant us in insisting on such a reference. Absent certification, existing case law does not appear to justify summary judgment on the current record, although the issue is admittedly close.-